OPINION of the Court, by
Judge LogaN.'
This was an action of covenant founded on a writing for the conveyance of a ceidain tract of land, whereon the obligor had formerly resided, in the county of Wayne, containing 150 acres of military land, and also SO acres adjoining thereto, of head right land, with a general warranty, to be made whenever the last payment of the stipulated price was made, and the obligee should thereafter apply at the residence of the obligor for his deed, under the penalty of POOL The usual and proper aver-ments are set forth in the declaration ; and the defendant pleaded the several pleas of covenants performed $ of the failure to make the last payment of the consideration for said land ; the want of a demand at the resilience of the obligor, as by the writing was required; and that the obligee had not prepared a deed for the obli-gor to execute.
Upon the three first pleas issues were made up, and a demurrer to the fourth, which was sustained.
IJoon the trial of the issues, two exceptions were taken to the opinion of the court in overruling the motions of the defendant’s counsel, to instruct the jury on the following points : 1st, That if they were of opinion from the evidence, that there was more land in the military survey in the covenant mentioned, than 150 acres, that a conveyance of that quantity, including the place where the obligor had resided, laid off in other respects in such manner as th ■ obligor chose, together with the 30 acres of head right land ad joining thereto, with general warranty, would discharge the defendant of his covenant. And 2ndly, That if there was an excess in both *315 the military and head right tracts, over the specified quantities, that the defendant was not bound to convey the surplus.
The court are not bound to irftruA the jury on &bftra£t prrpcfucns of liW — Acccrd. Smith vi Miller vol 2j 6l6_ Wtitt vs. Fax, vul. I.
A verdict and judgment having been rendered below for upwards of §1400, Beasley, the obligor, has appealed to this court.
<⅝ . of an averment on had not been It may not be improper to observe in the first place, that upon a motion in arrest of judgment, aíí exception was taken to the declaration for want that the penalty in the deed declared paid or discharged.
To this it need only be observed, that the real and substantial contract between the parties, was for the land in the writing mentioned j and as such, like the. case of Kennedy vs. Kennedy, 2 Bibb 465, it was sufficient to declare upon the instrument according to its legal and true import, with such averments only as shew the breaches of that contract, as in its real meaning was understood by the parties.
With respect to the demurrer to the 4th plea, there can be no doubt, under for mer opinions of this court, that the court correctly sustained it. It was the duty of the obligor, under his contract, to perform his covenant when called on at his residence after the last payment for the land. This he could only do by executing a deed of conveyance ; and every thing that w as essential to do this, was incident to his covenant, and being equally within his own power, incumbent on him as a part of that covenant.
As to the first exception taken to the opinion of the court, it is predicated on the idea not only that if there were surplus land, it belonged to the obligor, and to which the obligee had no right; but likewise, that the obligor had the right to reserve it in any part of the tract, provided the place where he had actually resided, was excluded from that choice. Without deciding upon what might be the effect of the surplus in the apportion-Tment of damages, when the question was properly presented, we are clear that the obligor cannot have the right to lay hold of that surplus in any part of the tract, when the covenant appears to apply alike to the entire tract, as well to one part as to another ; and that the court, therefore, correctly refused to give the instructions asked for.
*316 But another answer may be given, which seems to< aPPty both of the exceptions taken, to wit: that the obligor does not shew that he offered to convey any part of the land in his covenant mentioned ; and that the obligee had refused to accept thereof. He seems tó have done nothing towards performing his covenant, and ⅛ merely propounding abstract questions to the court, as to what might have been a performance of his covenant.
The motion does not seem to have presented the question that in ascertaining the damages, the jury should only give the value of the precise quantity specified in the contract. It is probable the jury have given damages upon that quantity only : for it does not appear that any evidence whatever was offered to shew there was surplus in either tract; and the presumption is therefore probable that the estimate of the jury was per acre. The instructions asked were upon abstract irrelevant points, not pertinent to either of the issues, and not directed to the number of acres in each tract upon which damages should be calculated, and consequently the opinion of the court did not become necessary upon the construction of the covenant with regard to the surplus, if there was any.
We are therefore of opinion that the judgment of the circuit court is correct, and must be affirmed with cost» and damages.