### IN THE

## SUPREME COURT

#### OF THE

# STATE OF ARKANSAS,

### In January Term, A. D. 1841, being the sixty-fifth year of our Independence.

---

### WILLIAM McLAUGHLIN *against* ARCHIBALD HUTCHINS.

#### ERROR *to Monroe Circuit Court.*

*Where there is a penalty and covenant in the same deed, the party may either bring debt for the penalty or covenant for the damages.*

*If the penalty be paid or recovered, he cannot resort back to his covenant.*

*When, after demurrer, a party pleads over, he is considered as having withdrawn his demurrer, and can afterwards take advantage of no defect that would be aided on general demurrer.*

*In an action for breach of covenant, the defendant cannot plead, generally, that there is in the covenant a condition precedent to be performed, by the plaintiff, before he can maintain his action.*

*It must set forth specially the condition, with the time and manner at, and in which it should be done, and aver that he is ready and willing to perform his part of the covenant.*

*On demurrer the court will examine the whole record, and give judgment to the party who, on the whole, is entitled to it.*

*In all cases where there are dependent covenants, if the performance of one depends on the performance of the other, the performance of the prior condition must be averred in the declaration.*

*Where an action of debt is brought on a penal bond, with a condition, it is a sufficient breach to aver that the penalty has not been paid ; but if covenant is brought, breaches of the condition must be assigned ; and it is not sufficient merely to state the penal part of the bond, and aver the non-payment of the penalty.*

*In covenant, the penal part of the obligation forms no part of the contract : it is upon the stipulations in the condition that the action is founded, and it is not necessary to aver the non-payment of the penalty. The breaches must assign the non-performance of the stipulations in the condition, without noticing the penalty.*

The action, in this case, was in covenant, returnable to March term, 1838. The declaration was, that McLaughlin, on the 15th

day of September, A. D. 1836, by his bond, of that date, together with one Jesse McLaughlin, who was not sued, covenanted and agreed with the plaintiff, to pay him the sum of one hundred dollars; with a breach, " that the defendant had not paid the plaintiff the said sum of money, or any part thereof, according to the true intent and meaning of said covenant and bond; and so the said plaintiff, in fact, saith, that the said defendant (although often requested so to do) hath not kept the said covenant, so made by him, as aforesaid, but hath broken the same; and to keep the same with the said plaintiff, hath, hitherto, wholly neglected and refused, and still doth neglect and refuse, to the damage of said plaintiff, one hundred and fifty dollars; and, therefore, he brings his suit," &c.   The defendant appeared, and craved oyer; which was granted.   The instrument, given as oyer, was the bond of William McLaughlin, as principal, and Jesse Mc-Laughlin as security, to Archibald Hutchins, for one hundred dollars, in the common form; with a condition that, whereas, Wm. McLaughlin was entitled to a pre-emption to eighty acres of land, in the Lawrence land district, to be located so soon as certain other lands in Monroe county should be subject to entry: therefore, if he should, within thirty days after the same should be subject to entry, make a location of the same in the name of, and for the exclusive use and benefit of Hutchins, on such land as Hutchins should designate, and on his paying into the land office the entrance money for the same, and paying all the expenses consequent on the entry: and furthermore do, or cause to be done, all such other acts, in the premises, as should vest in Hutchins a legal and equitable right in fee simple to such land, then to be void.

The defendant demurred to the declaration; but, the demurrer being overruled, he pleaded in bar that " he is not bound to pay the said Archibald Hutchins the said one hundred dollars, as he, the said Archibald Hutchins has, in his declaration, alleged as a breach of covenant, because he says, that the said one hundred *dollars* only became due and payable upon conditions precedent of said covenant, as follows, to wit, (being the same as set out on oyer:) "the said William McLaughlin in fact saith that the said Archibald Hutchins has not performed the conditions precedent, as set forth in the cove-

nant, to entitle him, the said Archibald Hutchins, to maintain his suit." To this plea a demurrer was sustained, and, no further defence being made, judgment was, at the next term, entered on assessment of damages, by writ of inquiry, for one hundred and fifteen dollars.

FOWLER & BLACKBURN, for plaintiff in error:

None but an action of debt can be sustained upon the bond in controversy, it being a penal bond for a sum certain, with conditions underwritten. That covenant would not lie thereon at common law; and the statute, in substance, prescribes the action of debt upon such a bond, as in no other species of action could a judgment be rendered for the penalty of a bond, *eo nomine et in numero*. See *Pope, Steele, and McCamb. Dig. p.* 348, *sec.* 95. And the plaintiff cannot help assigning breaches. 1 *Saund.* 58.

If debt is the proper form of action, the demand being only for the sum of one hundred dollars, is exclusively within the jurisdiction of a Justice of the Peace. Whether *debt* or *covenant*, or either, be the proper form of action, the declaration is wholly insufficient, in law, in this: that the bond sued on is without consideration expressed therein, and is void in law; that it contains a condition precedent to be performed by Hutchins, to wit: the payment of the government price of the land, and the selection of the tract, &c., and no performance thereof, or offer to perform, is alleged in the declaration; that there is no allegation in the declaration that the improvement or land specified had become "subject to location;" that there is no allegation that the said Jesse McLaughlin did not pay the said sum of one hundred dollars, or otherwise broke his covenant; that there are no breaches whatever alleged of the conditions or covenants underwritten either in the declaration, or assigned otherwise, before final judgment; that there is no statement whatever of said conditions which would be, in an action of covenant, absolutely necessary in the declaration, and in an action of debt, either in the declaration or assigned otherwise under the statute of 1831; and the breaches of the contract must be laid in the declaration commensurate with the contract itself—neither broader nor narrower. In this case there is no attempt to allege any breach, except that Wm. Mc-

Laughlin did not pay the said sum of one hundred dollars. 1 *Bibb* 242, *Ramsey vs. Matthews; ib. 465, Pollard vs. Taylor; Campbell and wife vs. Strong*, decided in the late Superior Court; *Com. Dig. (Pleader,) c. 57, 52; 1 T. R. 638; 2 Saund. Rep. 352; 1 Chit. Plead. 327; Hard. Rep. 509, Dorsey, &c., vs. Lawrence, &c.*

The plea filed by McLaughlin was a good plea, at any rate as good as the declaration, and when Hutchins demurred thereto, the Circuit Court ought to have given judgment thereon, upon the defects in the declaration, in favor of McLaughlin. 1 *Bibb* 452, *Mitchell vs. Gregory; ib. 459, Bodine vs. Wade; 1 Ch. Pl. 647.*

That although McLaughlin pleaded over to the declaration, a demurrer to his plea and judgment thereon, against *him*, leaves him in the same attitude as though he had not pleaded at all, but rested the case on the judgment against him, on his demurrer to the declaration; and, consequently, that this court will, in like manner, look into and pass judgment upon the entire declaration. 1 *Bibb* 273, *Hack vs. Prince; ib. 448, Jones vs. Grugett; Hard. Rep. 164, Beauchamp vs. Mudd; 1 Ch. Pl.* 647.

The final judgment is irregular. The statute requires that it should be rendered for the penalty of the bond, &c. *Pope, Steele, and McCamp. Dig. p.* 348, *sec.* 94.

Although judgment on demurrer had been entered against McLaughlin, yet, inasmuch as no breaches of the said conditions or covenants had been assigned or attempted to be proved before the jury, the jury could only find *nominal* damages, if any, and the court below erred in refusing to instruct them. The production of the bond even admitting that the judgment on demurrer was a tacit acknowledgment of a breach was clearly no proof whatever of damages sustained by Hutchins, and therefore the assessed should have been nominal. The statute, in such case, requires proof of the breaches. *Vide Pope, Steele, and McCamp. Dig.* 348, *sec.* 95; 1 *T. R.* 18, *Johnston vs. Belfour's ex's.*

The contract given on oyer, and read in evidence, varied materially from the one declared on. The demurrer reached such variance. It ought to have been excluded from the jury by the court on the assessment of damages on the writ of enquiry. 1 *Bibb Rep.* 366, *Carr et ux. vs. Marshall.*

Additional authorities conceived to be applicable: 9 *Law Library*, 31, 46, 42; *Shep. Touch.* 375; 2 *Saund.* 107 *b. note* 3; 1 *Finch.* 158, 138, 308; 2 *Bac. Abr.*, *title Debt*, 13 (*A*,) 20 *Debt* (*E.*)

DICKINSON, *Judge*, delivered the opinion of the court:

A covenant is an agreement entered into, by deed, between two or more persons, for the breach of which an action of covenant will lie at the suit of the party injured, to recover damages for the loss which he has sustained. If for a sum certain, debt and covenant are, in general, concurrent remedies. But if the damages are unliquidated or incapable of being reduced by averment to a certainty, debt is not maintainable: it lies only for money *in numero*. Where bonds, guarded by penalties, are executed as additional securities for the performance of covenants, there are two remedies to be pursued, at the option of the party injured. He may, as often as the articles are broken, have, *toties quoties*, an equitable relief upon the footing of the articles themselves for a partial breach of contract, or he may take the penalty; that is to say: where there are a penalty and covenant in the same deed the party has his election, either to bring debt for the penalty, or covenant for damages.

In the former case the contract is rescinded, and the penalty becomes the debt in law; subject, of course, to relief in equity, and to restrictions by the mode of proceeding under the statutory provisions. And if the penalty be paid, according to the stipulation of the articles, or be recovered as the debt in law, the party cannot resort back to his covenant or action for breach of contract, but he may elect to bring his action of covenant on the contract, and, according to the nature of the case, may recover. *Barton vs. Glover*, 1 *Holt, N. P. R.* 44; *Wait vs. Trim*, 1 *W. Bla. R.* 395; *Harrison vs. Wright*, 13 *East* 343.

As regards the demurrer to the declaration, the rule is well established, that when a party pleads over, and refuses to rely upon his demurrer, he is considered as having withdrawn it, and shall not afterwards take advantage of any defect in the plea that would be aided on general demurrer. One of the causes of reversal, assigned by the plaintiff in error is, that "his plea was not essentially insufficient, and therefore ought to have been sustained." It is a principle ad-

heard to, that whatever is alleged in pleading, must be alleged with certainty. *Com. Dig. Pl. C.* 17, *C.* 22. So that in an action for breach of covenant, the defendant cannot plead generally that there is a condition precedent in the covenant to be performed by the plaintiff before he can maintain his action, because this is too wide and uncertain to enable the parties to take an issue. But he must set forth specially the condition which the plaintiff is bound to perform, with the time and manner in which it is to be done, with an averment that he is ready and willing, and hath offered to peform his part of the agreement. The plea does not conform to these rules; and is therefore defective. But, inasmuch as the plaintiff objected to the sufficiency, &c. of the defendant's plea, the rule, that on demurrer the court will consider the whole record, and give judgment for the party who, on the whole, appears to be entitled to it, here applies. *Com. Dig. Pl. M.* 2; 1 *Saund.* 228, *n.* 5; *Foster vs. Jackson, Hob.* 56; 2 *Wil.* 150; *LeBret vs. Papillon,* 4 *East.* 503; *Woodward vs. Robinson,* 1 *Str.* 302; *Pringle vs. Ramsey,* 11 *J. R.* 141.

Thus, on a demurrer to the replication, if the court thinks the replication bad, but perceives a substantial fault in the plea, they will give judgment, not for the defendant, but for the plaintiff; *Thomas vs. Heathorn,* 2 *B. and C.* 477; provided the declaration be good. This rule belongs to the general principle, that where judgment is to be given, the court is bound to examine the whole record, and adjudge for the plaintiff or defendant, according to the legal right as it may, on the whole, appear. *Griswold vs. Griswold, National Ins. Co.,* 3 *Cowen* 96. And that, on demurrer, the party who commits the first substantial fault in pleading, shall have judgment against him. *Wyman vs. Mitchell,* 1 *Cowen* 316; *Allen vs. Crofoot,* 7 *Cowen* 46; *Utica Ins. Co. vs. Scott,* 8 *Cowen* 716. The case of *Gelston vs. Burr,* 11 *J. R.* 482; also, *County vs. Lockwood, and others,* 15 *J. R.* 488, are precisely in point. If, then, this be the rule in pleading, and that it is, will not be controverted, it becomes necessary to ascertain if there be any substantial defect in the declaration.

This suit is instituted upon a penal bond with covenants, that McLaughlin shall locate a certain floating pre-emption right, of eighty acres, upon such a piece or parcel of land as Hutchins shall designate,

McLaughlin *against* Hutchins.

within thirty days after the same shall be subject to entry and location; provided Hutchins shall pay the entrance money therefor, with the expenses upon the entry and location; and that he, the said Wm. McLaughlin, shall then cause to be done all such and further matters and things as shall vest in him, the said Hutchins, a legal and equitable right in fee simple to the land to be designated. The declaration simply sets out the bond, without the conditions, and avers that the defendant below did not pay the penalty. Is this such a breach as is necessary in an action of covenant, where damages are claimed? for an injury sustained, requires the intervention of a jury. The allegation of breach must be governed by the nature of the contract. It should be assigned in the words of the contract, or in words co-extensive with the sense and effect of it. When the consideration of the defendant's contract is executory, or his performance to depend upon some act to be done or performed by the plaintiff or some other person, the plaintiff must aver the fulfilment of such condition, whether it were in the affirmative or negative, or to be performed or observed by him or the defendant, or some other person, or he must show some excuse for the non-performance. *Ughtred's case*, 7 *Co.* 74; 1 *Ch. Pl.* 320; *Com. Dig. Pl. C.* 56. And whenever it can be collected, from the apparent intention of the parties to the contract, that there is a condition precedent, and no excuse for the non-performance is alleged in the declaration, then an averment of performance is not only necessary, but it must be shown to be according to the intent of the parties to the contract, and must be precisely alleged, and with reasonable certainty, so that the court may judge whether the intent of the parties has been duly performed; as, on a contract in consideration that the plaintiff would acquit A. of a certain debt, it is not sufficient to say that he acquitted him, without showing how, viz: by deed. 1 *Saund.* 285. In all cases, therefore, where a covenant is dependent, or the performance of the one depends on the performance of the other, the performance of the prior condition must be averred in the declaration, to render the other party liable to an action. This doctrine is fully sustained in the case of *Boone vs. Eyre*, 1 *H. Bla.* 273; *Smith vs. Walker*, 8 *East.* 427; *Thomas vs. Cadwallader Willes* 496; *Davidson vs. Moore*, 3 *Doug.* 28.

McLaughlin *against* Hutchins.

Believing that the principles, by which this action is governed, are well settled, and that the cases referred to will sufficiently illustrate their correctness, we will now apply them to the pleadings. In covenant the party goes for damages, which must be governed by the testimony adduced in support of the breaches assigned. If there are no breaches assigned upon the condition or covenant, how is it possible for a jury to assess damages, or even nominal damages on demurrer, *nihil dicit*, or confession? The condition of the obligation is made a part of the record here by oyer. And as there are no breaches assigned upon the covenant contained in that condition, there is nothing upon which testimony could be introduced to found a verdict for damages. The declaration is therefore fatally defective. The plea being bad and the declaration also, upon the rule laid down requiring us to look into the whole of the record, and give judgment against him who committed the first substantial fault in the pleading, we are of opinion that judgment ought to have been given for the defendant, upon the plaintiff's demurrer to the plea. But has the party mistaken his form of action, as contended by the plaintiff in error? Debt and covenant are said to be, in general, concurrent remedies. Upon such a bond as is presented by the pleadings, we apprehend that the practice is now too well settled to doubt the right of the party to pursue either mode at his election. He may sue in debt for the penalty, or go for damages in covenant. He must however make his election, and be governed by the rules regulating the action under which he seeks relief. In covenant, the penal part of the obligations forms no part of the contract between the parties. But it is upon the stipulations in the condition alone that the action is founded, and it is not necessary to aver the payment of the penalty. The breaches must be assigned in the non-performance of the stipulations without noticing the penalty. *Beasly vs. Gillespie,* 4 *Bibb* 314; *Kennedy vs. Kennedy,* 11 *Bibb* 465; 3 *J. J. Marshall* 469.

The action of covenant is defined to be for the recovery of damages for the breach of any agreement entered into between the parties, and there is no need for the word *covenant;* for any thing under the hand and seal of the parties, importing an agreement, amounts to a covenant; *Esp. N. P.* 266–7; and Lord MANSFIELD in 2 *Burr* 826,

McLaughlin *against* Hutchins.

says that "the condition of the bond is an agreement." If this action had been in debt, founded as it is upon the penal part of the obligation, no objection could have been raised to it. If, however, he intended to bring covenant, he should have assigned his breaches upon the condition. It is unnecessary to notice the other assignments of error. The judgment is reversed.