CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1871.

## JULIEN PROVOST v. MILLARD & VAN SCHUYVER.

POWER OF THE COURT OVER PROCESS.—Every court has power to control its own process, and prevent its abuse.

SATISFYING JUDGMENT.—Ordinarily a court has power to direct a decree or judgment, which is of record before it, to be canceled of record, upon a proper showing that it is in fact satisfied.

JURISDICTION.—This court refused to entertain a bill to compel a plaintiff who had obtained a decree of foreclosure in another district to appear there and cancel the decree.

THE complaint shows that these defendants in 1870 commenced a foreclosure suit, in the circuit court in Marion County, against this plaintiff and others who are named, and recovered a decree for $281.33 and interest, and for the sale of certain lands in said Marion County. That the said premises were sold under said decree, and that these defendants " became the purchasers thereof," and " bid for said lots the sum of $354.75, and said premises were duly struck off to them on said bid." That the sheriff made out a certificate, which these defendants refused to accept, and alleged that their bid was induced by misrepresentations.

The plaintiff alleges that by reason of the said sale " the said decree is fully paid and satisfied, and that the same ought to be satisfied of record by the said defendants;" but that the said defendants neglect and refuse to satisfy the said decree; and that the said defendants have sued out an *alias* execution on said decree.

The defendants demur on the grounds that: This court has no jurisdiction of the matter set up in the complaint, and that the complaint does not state facts sufficient to constitute a cause of action.

*Hill, Thayer & Williams,* for the plaintiff.

*Sullivan & Thompson,* for the defendants.

UPTON, J.   This complaint is of course addressed to the equity side of the court; the relief prayed is not such as a court of law can administer.   Were it a judgment or a

decree of this court that it was proposed to cause to be satisfied of record, the necessary steps could be taken by motion, as well in an action at law as in a suit in equity; but a court of law has no process that would afford the relief the plaintiff in this cause claims.

Upon the same principle that equity will not interfere where a party has a plain, speedy and adequate remedy at law, I think a court of equity should not interfere or attempt to meddle with a proceeding of another court in which the parties have appeared, and to the control of which the question submitted is subject. I think that it appears by the complaint that the plaintiff has an adequate remedy in that court.

The gist of the complaint here is, that the decree of that court ought to be satisfied of record, that it is not satisfied, and that these defendants have caused an execution to issue.

There is certainly no more necessary rule, nor one better settled, than that every court has power to control its own process to prevent its abuse. Ordinarily, a court has power to direct its own decree or judgment, to be canceled of record, upon a proper showing that it is in fact satisfied; and to that end there can be no doubt the court has all requisite power over parties, to such judgments and decrees, who have voluntarily come before the court or have been duly brought before the court by its process. I think, therefore, that this plaintiff has a plain, speedy and adequate remedy by applying to the court that has control of the decree and of all process that may be applied for under the decree.

The bill of complaint should be dismissed.