JUDGE OF PROBATE *v.* MATHES *& a.*

In a suit on the bond of an executor who has not settled an account, the want of interest of a person on whose petition the executor has been cited to settle an account is not a defence.

Generally a loan of trust funds to one person without security is negligence, and an executor is liable for a loss caused by such a loan, whether the loss occurred before or after the passage of the act prescribing trustees' investments.

DEBT, on an executor's bond.    Facts found by a referee.

*Wiggin & Fuller*, for the plaintiff.

*Smith* and *Hatch*, for the defendants.

DOE, C. J.    By the will, the testator's widow (now deceased) had a life estate in all the property, and his children had the remainder.    The executor, though cited to settle an account, has never performed that duty.    A citation to settle was issued upon the petition of the husband of one of the children.    If the petitioner's want of interest was an objection available for the executor, it should have been raised in the probate court, and is not a defence in this suit.

The estate was appraised at $4,150.    In 1873 and 1874, the executor, acting in good faith, loaned $1,200 of the money received by him as executor to one Hall, taking his notes without security. Hall was then regarded as solvent; but he is now insolvent, and the money is lost.    There being no peculiar facts taking the case out of the general rule of fact that a loan of trust funds to one person without security is negligence, the executor is liable for the loss.    *Knowlton* v. *Bradley*, 17 N. H. 458; *Clement* v. *Clement*, 19 N. H. 460, 463; *Kimball* v. *Reding*, 31 N. H. 352, 375; *Harding* v. *Larned*, 4 Allen 426; *Clark* v. *Garfield*, 8 Allen 427; *Richardson* v. *Boynton*, 12 Allen 138; 2 Kent Com. 230; Hill Tr. 378.    It is not necessary to inquire whether any statute of trustees' investments is applicable to loans made by an executor in 1873 and 1874.    G. L., *c.* 185, *ss.* 10, 11; *c.* 205, *s.* 2.

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.