NEWGASS *v.* CITY OF NEW ORLEANS. STEWART *v.* SAME. GARRITY *v.* NEW ORLEANS PACKING & CANNING CO.

*(Circuit Court, E. D. Louisiana. January 2, 1888.)*

1. COURTS—FEDERAL JURISDICTION—ACT OF MARCH 3, 1887.
   *Held,* that the proper construction requires that in the first section of the act of March 3, 1887, in the clause, "or of any subsequent holder of such instrument be payable to bearer, and be not made by any corporation," the word "of," preceding the words "such instrument," should be held to be "if."

2. SAME.
   *Held,* that where the transfer of choses in action requires an assignment, the court has no jurisdiction over cases where an assignee is plaintiff, unless the court would have had jurisdiction had the action been brought by the assignor.

3. SAME.
   *Held,* that where the transfer of choses in action may be made by delivery, and the obligation is made to bearer, and by a corporation, and the parties to the suit are citizens of different states, the court has jurisdiction, although had the suit been brought by a former holder the court would have had no jurisdiction.

*(Syllabus by the Court.)*

At Law. On plea to the jurisdiction.

Herman Newgass, a German citizen, sued the city of New Orleans on certain claims assigned to him by citizens of New Orleans; John Garrity, a citizen of Kentucky, sued the New Orleans Packing & Canning Company, a corporation of the state of Louisiana, on certain claims assigned to him by citizens of Louisiana; and C. H. Stewart, a citizen of Alabama, sued the city of New Orleans on certain certificates of indebtedness issued by the city, and payable to bearer.

*Charles Louque,* for plaintiffs Newgass, Stewart, and Garrity.

*W. H. Rogers,* for defendant city of New Orleans.

*Nicholls & Carroll,* for defendant New Orleans Packing and Canning Company.

BILLINGS, J. These cases are submitted upon the same exceptions; *i. e.,* upon the same plea to the jurisdiction. In each case is presented for construction that part of the act of 1887 which restricts the jurisdic-

tion when the suit is upon a chose in action, and there has been an assignment or transfer. In each case the chose in action was made by defendant, who is a corporation, and the suit is between citizens of different states. In the first and second cases, the plaintiff claims title to a chose in action which could be transferred only by assignment, and the assignor could not have maintained suit, being a citizen of the same state as the defendant. In the third case, the plaintiff sues, as a subsequent holder, upon an instrument, payable in its terms to bearer, which could of course be transferred by delivery without any other assignment, and the first holder could not have maintained suit in this court, being a citizen of the same state as the defendant.

Section 1 of the act of 1887, after granting to the circuit courts jurisdiction in cases "in which there shall be a controversy between citizens of different states," contains the following restriction:

"But, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder of such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents. if no assignment or transfer had been made; and the circuit courts shall also have appellate jurisdiction from the district courts, under the regulations and restrictions prescribed by law."

It is manifest that there is some error in the sentence as printed in the statute, "or of any subsequent holder of such instrument be payable to bearer and be not made by any corporation." If we turn to the Congressional Record, vol. 18, No. 65, at page 2721, we find that this section of this bill, which had come from the house of representatives, was amended in the senate by inserting the following:

"Except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made."

So as to make the clause read:

"That the first section of an act entitled 'An act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes,' approved March 3, 1875, be and the same is hereby amended so as to read as follows: 'That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and arising under the constitution or laws of the United States, or treaties made or which shall be made under their authority; or in which controversy the United States are plaintiffs or petitioners; or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value

aforesaid; or a controversy between citizens of the same state, claiming lands under grants of different states; or a controversy between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid; and shall have exclusive cognizance of all crimes and offenses cognizable under the authority of the United States, except as otherwise provided by law, and concurrent jurisdiction with the district court of the crimes and offenses cognizable by them. But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made; and the circuit courts shall also have appellate jurisdiction from the district courts under the regulations and restrictions prescribed by law.'"

It is to be observed that the word "of" in the phrase "or of any subsequent holder of such instrument," was in the law as amended and passed by the senate "if." The grammatical or intelligible construction of the statute requiring that the word should be "if," courts will construe it as if it had read "if." If we construe the word "of" to be "if," the meaning of congress in the restriction is manifest.

The restriction, after excluding from its operation "foreign bills of exchange," deals with all other choses in action. Those rights of action which required an assignment were excluded from the jurisdiction, unless the assignor could have prosecuted the action to recover thereon before the assignment. Those choses in action which did not require any express assignment, because they were payable to bearer, and thus passed by delivery, were also excluded from the jurisdiction, unless made by some corporation, if the transferee could not have maintained suit thereon before transfer. The construction of the restriction may also be stated thus: The circuit court shall have no jurisdiction over suits for the recovery of the contents of promissory notes or other choses in action brought in favor of assignees or transferees except over—*First*, suits upon foreign bills of exchange; *second*, suits that might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made; *third*, suits upon choses in action payable to bearer, and made by a corporation. It follows that in the first and second cases, since the obligations were of such a nature as to require assignment, and the assignor could not have maintained an action in this court before assignment, the plaintiff, the assignee, cannot. It also follows that in the the third case the court has jurisdiction; for, while the obligation sued on is payable to bearer, it is made by a corporation, and therefore falls within the exception to the general restriction as to obligations payable to bearer.

The exception is therefore sustained, and the suit dismissed, in the first two cases. In the last case, the jurisdiction is maintained, and the exception is overruled. The circuit judge concurs in this construction of the statute.