[Filed November 10, 1890.]

## L. L. CARTER, RESPONDENT, *v.* D. MONNASTES, APPELLANT.

APPEAL FROM JUSTICE COURT—FILING TRANSCRIPT—TIME.—Section 2125, Hill's Code, requires the transcript on appeal from a justice of the peace to be filed in the circuit court on or before the first day of the term next following the allowance of the appeal. This requirement is mandatory, and the circuit court has no authority to extend or enlarge the time.

APPEAL from Multnomah county: E. D. SHATTUCK, judge.

The plaintiff recovered a judgment before the justice of the peace of North Portland precinct on the twelfth day of December, 1889. Within the time allowed by law the defendant served a notice of appeal from the judgment, gave a proper undertaking, and the justice allowed the appeal in his docket. Thereafter, on the first day of January, 1890, of the circuit court of Multnomah county, the appellant appeared in court and obtained an *ex parte* order of said court allowing the appellant ten days in which to file the transcript. The transcript was filed within the ten days allowed by the court, but not by the first day of the term. Thereafter the respondent moved to dismiss the appeal for the reason the transcript had not been filed in the appellate court within the time allowed by law, which motion was allowed and the appeal dismissed. The appellant in the court below appeals.

*Johnson & Idleman* for Appellant.

*John Ditchburn,* for Respondent.

STRAHAN, C. J., delivered the opinion of the court.

But a single question is presented by this appeal, and that is, whether or not the circuit court had power to make the order enlarging the time for filing the transcript. Hill's Code, § 2125, provides: "On or before the first day of the term of the circuit court next following the allowance of the appeal, the appellant must file with the clerk of such circuit court a transcript of the cause," etc. The requirement is imperative, and a compliance with the statute was essential to give the circuit court jurisdiction of the cause. No doubt, as appears from the transcript, the appellant was hindered in the prosecution of the appeal by circumstances over which he had no control; and if the circuit court had the power, its order enlarging the time was proper, but no provision of the statute conferring such power has been brought to our notice, and we know of none. 1 Am. & Eng. Ency. of Law, 621.

We think the circuit court did not err in dismissing the appeal, and its judgment must be affirmed.