### SCHENCK et al. v. DIAMOND MATCH CO.

(Circuit Court of Appeals, Third Circuit. March 14, 1896.)

APPEAL—DISMISSAL—DELAY IN FILING BOND.

A delay of about a month in filing bond for costs, after allowance of an appeal from a decree granting a perpetual injunction, *held* not so unreasonable as to require dismissal of the appeal, especially when it did not appear that appellee was prejudiced thereby.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Motion to dismiss the appeal. The following certificate of the clerk of the court below was produced before this court:

Circuit Court of the United States, Eastern District of Pennsylvania.

I, Samuel Bell, clerk of the circuit court of the United States in and for the Eastern district of Pennsylvania in the Third circuit, do hereby certify that in a cause lately pending in said court wherein the Diamond Match Company was complainant and Joseph H. Schenck and John M. Moore, co-partners doing business as Dr. J. H. Schenck and Son, and Binghamton Match Company, respondents, a decree for perpetual injunction was entered by said circuit court on the seventh day of January, A. D. 1896, in favor of complainant and against respondents, and that on the fourth day of February, A. D. 1896, the respondents prayed the allowance of an appeal to the United States circuit court of appeals for the third circuit, which was allowed by the court, and that on the third day of March, A. D. 1896, a bond in the sum of $500 to secure costs on appeal was approved, and a citation duly issued. In testimony whereof I have hereunto subscribed my name and affixed the seal of the said circuit court at Philadelphia, this sixth day of March, A. D. 1896, and of the independence of these United States the 120th.

[Seal.]                                                           Samuel Bell,
                                        Clerk Circuit Court of U. S., East. Dist. of Penna.

Charles A. Brodek, for appellants.
Joshua Pusey, for appellee.

Before ACHESON, Circuit Judge, and WALES and GREEN, District Judges.

ACHESON, Circuit Judge. The certificate before us shows that within 30 days after the entry of the decree granting an injunction,

namely, on February 4, 1896, the appeal was applied for in the court below, and was allowed; and that on March 3, 1896, the bond for costs was approved by the court. It has been held by the supreme court that the omission to give a bond for costs at the time the appeal is taken does not necessarily avoid the appeal, and that the appellant may be allowed to file the bond afterwards, within a reasonable time. Anson v. Railroad Co., 23 How. 1; Davidson v. Lanier, 4 Wall. 447, 454; Seymour v. Freed, 5 Wall. 822. These decisions, we think, justify us in overruling the motion to dismiss the appeal here. We are the more inclined to deny the motion because it is not apparent to us that the appellee has been prejudiced in any respect by the delay in filing the bond. Motion denied.