Schuler, Sheriff, v. Citizens' Bank.

1. Evidence of an oral agreement between a depositor and a bank that a deposit should be applied to the payment of the depositor's note given to the bank is admissible against a sheriff seeking to enforce by action an execution levy on such deposit, as the property of the depositor, as showing an agency in the bank officers to make such application; and such evidence does not vary the terms of the note, though the note was not due when the agreement was made.

2. Evidence that a deposit on which it was sought to levy an execution, had already been applied by the bank to the payment of the depositor's note which it held, under agreement with the depositor that it should be so applied, is relevant to the issue as to whether any deposit existed at the time of levy, on which levy could be made, and is admissible.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Sanborn county. Hon. Frank B. Smith, Judge.

Action by William Schuler, as sheriff of Sanborn county, against the Citizens' Bank. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

J. L. Hannett and S. A. Ramsey, for appellant.

N. B. Reed and T. H. Null, for respondent.

Corson, J. This is an action by the plaintiff, as sheriff, to recover from the defendant bank the sum of $1,100, which was deposited in said bank by one Corkins, against whom the plaintiff had an execution under which he claims he levied upon the money in the bank. Verdict and judgment for the defendant, and the plaintiff appeals.

On November 7, 1895, the defendant loaned to one George W. Corkins $2,000, for which he executed a promissory note

payable to the defendant January 7, 1896. On December 5, 1895, there was deposited by the agent of Corkins to his credit in the defendant bank the sum of $1,100, which on the 9th of December was by the officers of the bank applied to the payment of certain indebtedness to the bank of said Corkins, $651,-66 of which was applied in part payment of the said $2,000 note. Some time prior to the 31st of December, one Mohr commenced an action against the said Corkins for about $7,000, recovered judgment therein, and on the 31st of December the sheriff attempted to levy upon the money so deposited to the credit of Corkins, by serving upon the said bank a copy of his execution, with the usual notice that he levied upon the same; and thereafter, by leave of court, this action was instituted. The principal question to be decided is, was the bank authorized to apply any portion of the money so deposited, on behalf of Corkins to the payment of the $2,000, not then due?

It is contended on the part of the appellant that certain evidence, offered and admitted, of conversations between Corkins and the bank officers, tending to prove an agreement as to the application of any moneys that might be deposited by him in the bank in payment of the said note, was improperly admitted. as tending to vary and contradict the terms of a written instrument and not admissible under the issues raised by the pleadings; that the bank had no right to apply any of the moneys so paid to it to the credit of Corkins upon this note, for the reason that it was not due; and that the bank had no lien or other claim upon the said money at the time the papers were served upon it. The respondent insists, in support of the judgment of the court below, that the conversation or agreement between Corkins and the officers of the bank regarding

the application of such moneys as he might deposit, in payment of his note, was not offerred for the purpose of varying or contradicting the terms of the note, but as tending to prove that he authorized the officers of the bank, as his agents, to apply any money that he might deposit in payment of the said note before its maturity; and that it was admissible for that purpose. We are of the opinion that the evidence was properly admitted; that it did not tend to vary or contradict the terms of the note, but was, in effect, an authorization to the bank to apply such moneys as he might deposit to the payment of the note. Gardner v. Bank, 10 Mont. 149, 25 Pac. 29, 10 L. R. A. 45. There was other evidence tending to prove an agreement on the part of Corkins, and the question was submitted to the jury as to whether or not there was such an agreement, and the jury, by their verdict, necessarily found that such an agreement existed. As there was evidence to sustain such a verdict, it is conclusive upon this court.

The contention of appellant that the evidence admitted was not admissible under the issues raised by the pleadings is not tenable. The issue presented was as to whether or not anything was due to Corkins at the time the sheriff levied his execution. The plaintiff claims that $1,100 was due, and the bank, by its general denial, put this allegation in issue. Evidence, therefore, tending to show that no money was due from the bank to Corkins when the plaintiff sought to levy his execution, because previously applied upon the note under the agreement with Corkins, was admissible. If, therefore, the bank could have applied this money in payment of that note as against Corkins, it could apply it as against this plaintiff, who stood in no better position than Corkins. The defendant hav-

ing exercised its right under its agreement with Corkins prior to any attempted levy upon the same by the plaintiff under his execution, he acquired no lien upon the deposit under and by virtue of the levy of his execution. As to the application of the balance of the $1,100, there seems to be no controversy.

The judgment of the court below is sustained upon the theory that the agreement between Corkins and the bank constituted the officers of the bank his agents to apply his deposits in payment of the said note whenever they saw proper to to do so. In the case of Gardner v. Bank, *supra*, the supreme court of Montana assumed in its opinion that an agreement similar to the one in the case at bar, between a depositor and the bank, was a valid and binding agreement upon the depositor during his lifetime; but it reversed the decision of the lower court in that case for the reason that the money of the depositor was not applied in the payment of his notes during his lifetime, and held that the authority of the bank officers to so apply it ceased at the depositor's death. The judgment of the court below is affirmed.