## CORCORAN v. KOSTROMETINOFF.

(Circuit Court of Appeals, Ninth Circuit.   October 12, 1908.)

### No. 1,560.

1. APPEAL AND ERROR (§ 1074*)—DECISION—FORM OF DECREE.

Where, on an appeal from an order of a United States commissioner in Alaska, as ex officio probate judge, approving the final account of a guardian and discharging him, the District Court made findings upon which it should have entered a decree affirming the order of the commissioner, the rights of the parties are not prejudiced because, instead, it entered a decree dismissing the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. 1074.*]

2. APPEAL AND ERROR (§ 387*)— DISMISSAL OF APPEAL — DELAY IN GIVING BOND.

The failure to give a bond for costs at the time of taking an appeal is not ground for dismissing the appeal, provided the bond is filed within a reasonable time and the appellee is not prejudiced by the delay.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2065; Dec. Dig. § 387.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. GUARDIAN AND WARD (§ 56*) — LIABILITY OF GUARDIAN—LOAN OF WARD'S FUNDS.**

While a mere error of judgment will not subject a guardian to personal liability for the loss of his ward's funds, he is nevertheless held to the exercise of prudence and sound discretion in investing the same, and if he loans his ward's money without security he assumes the entire risk, no matter what may have been the credit of the borrower.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 257; Dec. Dig. § 56.*]

**4. GUARDIAN AND WARD (§ 53*)—INVESTMENT OF FUNDS—ORDER OF COURT.**

Under the law of Oregon, in force in Alaska prior to the enactment of the Alaska Code, which empowered a probate court to make an order authorizing the investment of funds by a guardian "after notice to all other persons interested," an order made without such notice affords a guardian no protection.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 53.*]

**5. GUARDIAN AND WARD (§ 55*)—TIME DEPOSIT IN BANK.**

A guardian is permitted to leave the funds of his ward temporarily on deposit in a reputable bank, pending investment or other disposition of the same; but he is personally liable for a loss of funds deposited with a bank for a fixed period of time on a certificate of deposit without security.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 254; Dec. Dig. § 55.*]

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska.

E. M. Barnes, for appellant.

Malony & Cobb, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellee, George Kostrometinoff, as guardian of John P. Corcoran, a minor, filed his final report and petition for discharge as such guardian with the United States commissioner, who was ex officio probate judge for the Sitka commissioners' precinct, Alaska. Exceptions to the account were interposed on behalf of the ward. The exceptions were overruled, the account approved, and an order was made discharging the guardian. An appeal was taken to the District Court for the District of Alaska, Division No. 1, at Juneau. Upon the appeal the District Court filed findings of fact, in which the objections to the account were considered and overruled, and the court found as a conclusion of law that the appeal should be dismissed. In accordance therewith a decree was entered dismissing the appeal and allowing the guardian his costs on the appeal. From that decree the present appeal is taken.

The rights of the parties on the appeal are not affected by the fact that the District Court, upon findings which should have led to a decree affirming the decision of the commissioner's court, entered instead thereof a decree of dismissal.

The appellee moves to dismiss the appeal to this court on the ground that, although the order allowing the appeal was made on January 8, 1908, the appeal bond was not filed until March 2, 1908. The omission to give a bond for costs at the time of taking the appeal is not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ground for dismissal, provided that the bond be filed within a reasonable time thereafter, and especially is this true where, as in this case, the appellee is in no respect prejudiced by the delay in filing the bond. Anson v. Railroad Co., 23 How. 1, 16 L. Ed. 517; Davidson v. Lanier, 4 Wall. 447, 18 L. Ed. 377; Seymour v. Freer, 5 Wall. 822, 18 L. Ed. 564; Schenck v. Diamond Match Co., 73 Fed. 22, 19 C. C. A. 352. The appellee urges as further ground of dismissal the insufficiency of the assignments of error. We find the assignments sufficiently specific to direct our attention to the single question involved on the appeal which we find it necessary to discuss. The motion to dismiss is denied.

On November 7, 1892, in pursuance of an order made by the commissioner's court, the guardian deposited with the Northwest Loan & Trust Company, a banking institution at Portland, Or., $3,899.76 of the money of his ward for the term of one year, and received therefor a certificate of deposit showing that the amount was deposited to the credit of "George Kostrometinoff, Guardian, etc.," and that interest was to be paid thereon at the rate of 6 per cent. per annum. On July 27, 1893, the bank went into liquidation, and no more than 10 per cent. of the amount so deposited was ever received by the guardian. It is contended on behalf of the ward that the court erred in crediting the guardian's account with the full amount so deposited, and that the guardian, having dissipated $3,500 of the trust fund, is chargeable therewith. While a mere error of judgment will not subject a guardian to personal liability for the loss of his ward's funds, he is, nevertheless, held to the exercise of prudence and sound discretion in investing the same, and it is uniformly held that, if he loan his ward's money without security, he assumes the entire risk no matter what may have been the credit of the borrower. Walker v. Walker, 42 Ga. 135; Clark v. Garfield, 8 Allen (Mass.) 427; Probate Judge v. Mathes, 60 N. H. 433; Wycoff v. Hulse, 32 N. J. Eq. 697; Lee v. Lee, 55 Ala. 590.

While the effect of an order of court authorizing the loan or investment is to protect the guardian so far as he proceeds in compliance therewith (21 Cyc. 88, and cases there cited), there can be no doubt that in order to avail himself of such protection he must obtain the order in the manner pointed out by statute, if there be a statute regulating the procedure. At the time when the loan was made in this case, the law of Oregon, which was in force in Alaska, empowered the probate court to make such an order "after notice to all other persons interested." The order in the present case was obtained without such notice, and it cannot, therefore, stand for protection to the guardian. While a guardian is permitted to leave the funds of his ward temporarily on deposit in a reputable bank, pending investment or other disposition of the same, it is the decided weight of authority that he is personally chargeable with the loss of funds deposited with a bank for a fixed period of time upon a certificate of deposit. Such a transaction is a loan without security. Barney v. Saunders, 16 How. 535, 14 L. Ed. 1047; Appeal of Baer (Pa.) 18 Atl. 1, 4 L. R. A. 609; State v. Gooch, 97 N. C. 186, 1 S. E. 653, 2 Am. St. Rep. 284; Murph v. McCullough, 40 Tex. Civ. App. 403,

90 S. W. 69; Law's Estate, 144 Pa. 499, 22 Atl. 831, 14 L. R. A. 103. In the case last cited the court quoted with approval from Bispham's Equity, 139:

"A trustee will not be liable for the failure of a bank in which trust funds have been deposited, if he has suffered them to remain there only for a reasonable time; but if he allows them to lie there by way of investment he will be liable to make good the loss."

We can find no justification for the loan which was made by the guardian in the present case. When he assumed the guardianship of the estate, the ward's money was on deposit in the First National Bank at Portland, Or. It is idle to say that it could not have been loaned upon a mortgage on real estate. The testimony that the guardian was unable to make such a loan is not entitled to credence. The very fact that the so-called banking institution which borrowed the money was willing to pay 6 per cent. per annum upon a time deposit is evidence either that there was an active demand for money or that the borrowing bank was engaged in a reckless business. At the time when the loan was made that bank must have been hopelessly insolvent, for eight months later it closed its doors, and on liquidation paid its depositors only 10 cents on the dollar. The guardian had it in his power to safely invest and preserve the money of his ward, and it was his duty to do so. If he had not the time to search for a proper investment, he should have resigned the office.

The decree is reversed, and the cause is remanded to the District Court, with instructions to charge the guardian's account with the sum so lost by the loan to the Northwest Loan & Trust Company, with legal interest thereon from the date of such loan.