CORCORAN v. DISTRICT COURT FOR DISTRICT OF ALASKA, DIVISION NO. 1.

(Circuit Court of Appeals, Ninth Circuit.   May 23, 1911.)

No. 1,953.

MANDAMUS (§ 164*)—RETURN—REFUSAL OF COURT TO HEAR CAUSE.

Where a petition for mandamus alleged that defendant, a court of original jurisdiction, refused to hear or determine an action pending therein, a return, made by the judge of the court, that petitioner, a nonresident, was attempting to litigate his case through the agency of an attorney who had been disbarred by the court, that the original and amended complaint had been stricken from the files and the case stricken from the docket for specified reasons, but the court of its own motion had allowed plaintiff 60 days in which to employ another counsel and to move for a reinstatement, which time had not expired, stated a complete defense.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 164.*]

Petition by John P. Corcoran for mandamus against the District Court for the District of Alaska, Division No. 1. On demurrer to return. Overruled, and petition dismissed.

E. M. Barnes, for petitioner.

Before MORROW, Circuit Judge, and HANFORD and WOLVERTON, District Judges.

HANFORD, District Judge. This case was instituted in this court by the filing of a petition averring, in substance, that the petitioner is the plaintiff in an action pending in the District Court for the First Division of the District of Alaska, and "that said District Court refuses to hear or determine said action," and will continue to refuse

unless compelled to hear and determine said case, and praying for a writ of mandamus. To an order of this court, requiring the District Court to show cause, if any there be, why the writ should not issue, a return has been made by the judge of that court, by which it appears that the petitioner, while absent from Alaska, has been trying to litigate his case through the agency of a former practicing attorney who has been disbarred by that court, and that, the original complaint and an amended complaint filed in the action having been stricken from the files and the case stricken from the docket, for specified reasons which the court deemed to be sufficient, the court on its own motion ordered that the plaintiff be allowed 60 days in which to employ counsel qualified to practice and to move for a reinstatement of the case; otherwise, the same to be finally dismissed for want of prosecution, and that a certified copy of said order be sent to the plaintiff by registered mail, and that a copy was sent to him in that manner. The time allowed by said order for the petitioner to move to reinstate his case had not expired at the date of said return, and it is further averred therein that the petitioner has not employed a qualified attorney to represent him in said case, nor appeared in person to prosecute the case in his own behalf; that the respondent court has been at all times willing for the case to be tried, and will reinstate the same if the petitioner shall, within the time in said order specified, appear and make a satisfactory showing which will warrant such action.

The case has been argued in behalf of the petitioner, and submitted on a demurrer to said return. As the return is a complete traverse of the accusing part of the petition, the case appears to be destitute of merit. By compliance with the rules of practice the petitioner could have had his case tried and determined, and all of his legal rights protected, in accordance with the jurisprudence of the country. Even now, errors of the respondent court, if any have been committed to his prejudice, may be corrected by the court having appellate jurisdiction; but a writ of error, instead of the extraordinary writ of mandamus, must be sued out in the manner prescribed by law, in order to invoke appellate jurisdiction.

Demurrer overruled, and case dismissed.