**SARGENT et al. v. STATE BANKING & TRUST CO.** *

(Circuit Court of Appeals, Eighth Circuit. May 3, 1926.)

No. 7199.

1. **Appeal and error** ⬥⟿800—**Writ of error will not be dismissed, where defendant, on bringing error, deposited $200 in accordance with informal order, and filed supersedeas bond before motion to dismiss was heard (Rev. St. § 1000 [Comp. St. § 1660]).**

Where defendants, on bringing error, deposited $200 with clerk in accordance with informal order, and later, before motion to dismiss was heard, filed supersedeas bond, *held*, writ of error will not be dismissed on motion, in view of Rev. St. § 1000 (Comp. St. § 1660).

2. **Courts** ⬥⟿312(4)—**Action on note by assignee, resident of different state than makers, held improperly brought in federal court, where assignee deraigned title through indorser residing in same state as makers (Judicial Code, § 24 [Comp. St. § 991]).**

Under Judicial Code, § 24 (Comp. St. § 991), action on note brought by assignee resident of different state than makers, *held* improperly brought in federal court, where assignee deraigned title through indorser, who was resident of same state as makers.

In Error to the District Court of the United States for the Southern District of Iowa; Colin Neblett, Judge.

Action by the State Banking & Trust Company against W. I. Sargent and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

Charles S. Bradshaw, Casper Schenk, Rex H. Fowler, and L. S. Forrest, all of Des Moines, Iowa, for plaintiffs in error.

Max P. Goodman, of Cleveland, Ohio, and R. L. Read and Sargent, Gamble & Read, all of Des Moines, Iowa, for defendant in error.

Before LEWIS, Circuit Judge, and FARIS and PHILLIPS, District Judges.

FARIS, District Judge. Defendant in error brought this action against plaintiffs in error in the District Court of the United States for the Southern District of Iowa, to recover on a certain promissory note executed by Sargent and Evans, as makers, to one Kinney, as payee, and indorsed by said Kin-

*Rehearing denied July 26, 1926.

ney and by R. E. Conklin, H. H. Carey, Irwin Beaumont, and R. B. Weakley, who (except Beaumont and Weakley) are plaintiffs in error herein. For brevity's sake, the parties will be referred to hereinafter as plaintiff and defendants, as they were styled below.

Plaintiff and Weakley were, at the time this action was begun, and so far as the record discloses yet are, residents and citizens of the state of Ohio. All other of the defendants, as is alleged by plaintiff and nowhere denied, were and are residents and citizens of the state of Iowa. Pending the case, and some months before the trial, plaintiff, for reasons not disclosed by the record, dismissed the case as to Beaumont and Weakley.

By timely demurrers, and again at the close of the case of plaintiff, defendants objected to the jurisdiction of the court, for that, since plaintiff deraigns as assignee its title to the note through Beaumont, a citizen and resident of the state of Iowa, who could not as a mesne assignee have maintained this action in a federal court, plaintiff itself, as final assignee, may not do so. In the briefs the question of jurisdiction is stressed. These attacks on the jurisdiction were overruled. Defendants offered no evidence. Both sides moved for a directed verdict. The court directed a verdict for plaintiff, and defendants bring error. Other questions touching the merits, and one other as to a matter of practice, are urged, but the matter of jurisdiction in the court nisi is the point most strenuously urged.

As darkly forecast, plaintiff in limine moves to dismiss this writ of error because defendants gave neither a supersedeas bond nor a bond for costs, upon suing out this writ of error. This motion to dismiss was taken with the case.

The facts on which the motion to dismiss are bottomed are brief. The writ of error was granted on the 17th day of August, 1925. Prior thereto, and on August 2, 1925, but in a wholly informal way, the trial judge advised counsel for defendants that, in lieu of a bond for costs of appeal, defendants might deposit with the clerk of the District Court the sum of $200 in cash, which sum, as appears from the certificate of the clerk, defendants timely deposited. Later, and before the motion to dismiss came on to be heard by this court, and because of the issuance of an execution against them, defendants filed a supersedeas bond in the sum of $5,000, which was duly approved by the trial judge. The fact as to the filing of the supersedeas bond appears only in the brief of

counsel for defendants, which, of course, is not the proper place for it. There nowhere appears, however, any denial of any of the above facts, and we may well assume their correctness, a fortiori, of the fact of the cash deposit, since that is certified by the clerk of the trial court.

[1] It is fairly well settled that, if an appeal or writ of error be granted without the taking or approval of a bond, as required by rule and statute (section 1000, R. S. [Comp. St. § 1660]), such appeal or writ of error, absent gross laches, will not be dismissed on motion, until an opportunity shall have been afforded to appellant or plaintiff in error to furnish and file a bond for appeal. Brown v. McConnell, 124 U. S. 489, 8 S. Ct. 559, 31 L. Ed. 495; Schenck v. Diamond Match Co., 73 F. 22, 19 C. C. A. 352; Kingsbury v. Buckner, 134 U. S. 650, 10 S. Ct. 638, 33 L. Ed. 1047; Hostetter v. Symes (C. C. A.) 10 F.(2d) 109; Herr v. St. Louis, etc., Railroad Co., 174 F. 938, 98 C. C. A. 550. In the light of the above rule, and of the facts in the case at bar, it would be a refinement of technicality verging on stultification to sustain the motion to dismiss. Accordingly the motion to dismiss the writ of error is overruled.

In the final analysis, but two grounds of reversal are urged. One is that the trial court, upon the facts and perforce the provisions of section 24 of the Judicial Code (Comp. St. § 991), had no jurisdiction in the case. This contention is urged in behalf of all of the defendants. The other contention made affects only such indorsers as are, by the local law, entitled to notice of dishonor and protest. So, whatever casual view may be held as to the latter question, we are required first to determine the matter of the jurisdiction of the District Court.

So much of section 24 of the Judicial Code as is pertinent to the contention of defendants that the trial court had no jurisdiction, reads thus: "No District Court shall have cognizance of any suit * * * to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer * * * unless such suit might have been prosecuted in such court to recover upon said note * * * if no assignment had been made." The exception of notes made by corporations, as contained in the above section, we omit for the sake of clarity, since it has no application here; none of the makers (or even any of the assignors or indorsers) of the note in controversy being corporations.

Pending the action, and after defendants had set up lack of jurisdiction by reason of the provisions of section 24, supra, plaintiff amended its petition, setting up that the note was made and indorsed by all of the parties appearing as makers and indorsers thereof, as accommodation paper to be used in obtaining credit, or money for the use of all of the parties to the note, including the payee, the purported makers, and all of the indorsers, and that such making and indorsement of the note by all of such parties was a simultaneous and contemporaneous act and transaction, had and done to the end that the note might be used for the benefit of all of the parties to it.

The several answers of defendants, who are now here as plaintiffs in error, may fairly be said to admit that as to the payee, the makers, and all of the indorsers, except Beaumont and Weakley, this allegation of the amended petition is true in a certain sense, since it darkly appears from these answers that defendants, being stockholders in a certain corporation, either signed or indorsed the note for the accommodation of such corporation; but whether true, within the purview of the rule invoked, we need not decide. But the truth of it was neither admitted by the pleadings, nor shown by the evidence, so far as concerned Beaumont and Weakley, who were likewise indorsers. On the contrary, there were denials of this allegation in the several answers, both by way of verified pleas of the general issue, and perforce the detailed facts of the transaction as such facts were set out in these answers.

Plaintiff in its brief calls attention to many cases, which it contends are authorities taking the case out of the operation of section 24, supra, when the facts are found to be as pleaded by plaintiff in the amendment to its petition. However plausible this contention may appear, and whatever may be the holding of the cases cited, they cannot help plaintiff here, because neither by the pleadings nor the proof is Beaumont shown to have been either an accommodation or a contemporaneous indorser. So far as appears from either pleadings or proof, Beaumont was a subsequent indorsee and holder, and indorser in due course; possibly not a holder in due course, or for value, if the answers, which were denied, prove themselves, as they do not, except in so far as they constitute admissions against interest. But this discussion does not lead us so far. Beaumont was a subsequent indorser and assignor, and he

was a citizen and resident of Iowa, as plaintiff solemnly pleads, and he could not have sued either the makers, the payee, or any other indorser in a federal court.

The statute relied on by defendants was amended, as to verbiage, by the Act of March 3, 1911 (36 Stat. 1091); but no substantial changes were made therein. Examining it, and analyzing it before the above amendment, it was said by the United States Circuit Court for the Eastern District of Louisiana that it is to be thus construed: "The Circuit Court shall have no jurisdiction over suits for the recovery of the contents of promissory notes or other choses in action brought in favor of assignees or transferees, except over: First. Suits upon foreign bills of exchange. Second. Suits that might have been prosecuted in such court, to recover said contents if no assignment or transfer had been made. Third. Suits upon choses in action payable to bearer and made by a corporation." Newgass v. City of New Orleans (C. C.) 33 F. 196.

[2] It is clear that the case at bar does not fall into either of the above excepted classes. It fairly appears from the entire record that the note here in controversy was a fully completed instrument when it came into the hands of Beaumont. He could not have sued either the makers or any of the prior indorsers in a federal court, because as between him and all such parties no diversity of citizenship subsisted. No cases have been called to our attention wherein, as here, the question has been mooted touching the effect of this statute on a mesne assignor, such as is Beaumont, who assigned the note to Weakley, who in turn assigned it to the plaintiff. But the statute seems plain on this point. It succinctly bars any assignee from suing in a federal court, unless such action could have been maintained if no assignment had been made.

It is clear that if, by the mere expedient of an assignment by a citizen of the same state whereof prior obligors are citizens to a citizen of another state, who in turn assigns to another citizen of such latter state, jurisdiction may be conferred on a federal court, the statute becomes a mere nullity, and is incapable of enforcement. Both the language of the statute and the logic of the situation forbid such a view.

It follows that the case should be reversed and remanded, with directions to the trial court to dismiss it for lack of jurisdiction; and so it is ordered.