### LOUSSAC v. JACOBSEN.

Third Division.    Valdez.    January 20, 1927.

No. 1252.

**I. Statutes ☞226—Adopted from Oregon.**

Where a statute was adopted by Congress from Oregon, for Alaska, the prior decisions construing the law made by the court of highest resort in Oregon were adopted with the law, and bind the courts in Alaska.

**2. Justices of the Peace ☞164(3)—Appeal and Error—Appeal Filed after Time Fixed by Statute Dismissed.**

Where an appeal is taken from a justice court in Alaska, and the transcript is not filed in the clerk's office in the district court in time, the appeal will be dismissed.

**3. Justices of the Peace ☞164(3)—Judgment—Void Judgment on appeal Dismissed.**

Where an appeal is taken from a void judgment in the justice court, but not filed in the district court within the time fixed by statute, the district court will dismiss the appeal; but the district court must give judgment as it was given in the justice court, and will not vacate the judgment and dismiss the case.

**4. Justices of the Peace ☞166(4)—Execution—Judgment—Stay on Execution Entered on Void Judgment.**

Where a void judgment is given in justice court, on appeal dismissed, the court should enter an order providing a permanent stay of execution.

**5. Insane Persons ☞92—Parties—Guardian.**

A suit against an insane person should be brought against the insane person and his guardian; both should be made parties

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the suit, and failure to do so is fatal to the jurisdiction of the court.

Arthur Frame, of Anchorage, for plaintiff.
Donohoe & Dimond, of Valdez, for defendant.

RITCHIE, District Judge. This case is an appeal from the justice court of Anchorage precinct, and came before this court upon plaintiff's motion to dismiss the appeal, because the transcript was not filed in the clerk's office within 20 days after allowance of the appeal. On the authority of Carter v. Monnastes, 19 Or. 538, 25 P. 29, this motion must be granted. That case held that the time fixed by the Oregon statute for filing an appeal was mandatory, and, as the Alaska provision was taken from that of Oregon, the decision of the Oregon Supreme Court is conclusive here.

The Alaska Code also provides (section 1837) that:

"When an appeal is dismissed the district court must give judgment as it was given in the court below."

This appears to be peremptory and to leave no discretion to the district court. Defendant's counsel earnestly urged that the judgment of the justice's court is wholly void for several reasons, and with that argument I fully agree; but I cannot agree with counsel that the fact either authorizes or requires the district court to vacate the judgment and dismiss the case. Not only is the language of the Code positive as to the terms of dismissal of an appeal, but the only part of the record before the court on the motion to dismiss is that motion and the date of filing the appeal. I concur in the argument of counsel that the district court ought not to give renewed life to a void judgment of a justice court, but that burden is imposed upon the court by a mandatory provision of law, and is not left to the court's volition or discretion. At least I so interpret the language of the law.

However, the defendant is not remediless in the premises. At the argument I suggested that defendant might sue for a perpetual injunction against enforcement of the judgment, but my attention has been called to the fact that the courts of several states have held that a court of general jurisdiction has power to grant a perpetual stay of execution under a void

7 A.R.—36

judgment, in the absence of a statutory provision on the subject. There is none in Alaska. Defendant's counsel have filed a motion for such a stay, and, if the judgment is void, I think the stay should be granted. The following authorities affirm the power:

In re Kreiss, 3 Cal. Unrep. 475, 28 P. 806; Kreiss v. Hotaling, 96 Cal. 617, 31 P. 740. In this case the California Supreme Court cites the following from Freeman on Executions, § 32:·

"Each court has such general control of its process as enables it to act for the prevention of all abuse thereof. Hence it may, to prevent the annoyance which might be occasioned by the attempted execution of a void judgment, either stay or arrest the process."

The subject is discussed in 10 R. C. L. pp. 1248, 1249, and in 23 Corpus Juris, pp. 536, 537, with citations of cases, among them the following: People v. Greene, 74 Cal. 400, 16 P. 197, 5 Am. St. Rep. 448; Rousey v. Stilwagon, 70 W. Va. 570, 74 S. E. 732, Ann. Cas. 1914A, 1084; Montgomery v. Meyerstein, 195 Cal. 37, 231 P. 730; Provost v. Millard, 3 Or. 370; Gobbi v. Refrano, 33 Or. 26, 52 P. 761.

The defects in the judgment are fully set forth in the motion of defendant for stay of execution. Plaintiff sued on 13 causes of action for goods sold and delivered to Dr. George C. Maule, an insane person now. He does not name Maule as a defendant, but sues E. M. Jacobsen as guardian. In his first cause of action he states that "this plaintiff sold and delivered to said defendant goods," etc. In all the other causes of action he states that the goods were sold to Dr. George C. Maule. He then alleges that after the delivery of the goods Dr. Maule was adjudged insane in the probate court for Cordova precinct, territory of Alaska, and that Jacobsen was appointed guardian. Disregarding the peculiar allegation in the first cause of action that plaintiff sold and delivered to defendant, I do not know of any foundation in Alaska law for an action against the guardian of an insane person for debts owing by his ward. Section 878 of the Code provides that summons must be served, when the defendant is "a person judicially declared to be of unsound mind, * * * and if a guardian has been appointed, to such guardian and to the defendant personally." By necessary implication this appears to me to require that the insane person must be made

defendant and both he and his guardian served personally. In this case plaintiff named the guardian alone as defendant. He also took the trouble to obtain leave from the Anchorage court to bring the action against the guardian. The Code makes no such requirement; but, if leave were necessary, it is plain that it should have been from the court which appointed the guardian. The leave obtained from the probate court of Anchorage was valueless, if it had been necessary.

The record shows another fatal defect in the process. The Code provides that transitory actions must be brought in the precinct in which the defendant resides, or in one in which personal service can be had upon the defendant, excepting when the defendant is a nonresident of the territory. The process in this case shows that defendant lives and was served with summons in Cordova precinct. Plainly the Anchorage justice had no power to summon the defendant to appear and defend a case in his court, unless he lived or was served in Anchorage precinct. The process, therefore, was void. This point was raised by counsel for defendant, but the justice court avoided passing upon it by holding that the attorney for defendant had entered a general appearance by asking for a continuance. This finding is contradicted by an affidavit of Thomas C. Price, one of the attorneys for defendant, who states that he did not ask for and was not granted a continuance, but he did ask for a short delay merely to complete a motion to quash service of summons. Arthur Frame, attorney for plaintiff, filed a counter affidavit, insisting that the continuance was asked and granted. The view I take of the case makes it unnecessary to decide the question whether or not a request for a continuance is a general appearance, or to decide which of the contradictory affidavits is true. This view is based upon the following facts:

It has already been pointed out that the action was brought against the wrong party. It should not have been brought against the guardian, but against Maule, although it was necessary that the guardian, as well as the defendant, be served with summons. This error in bringing the action I consider absolutely fatal. A kindred objection, based upon the same fact, is raised by the general demurrer to the complaint that it does not state facts sufficient to constitute a cause of action. The wrong party was sued, and no valid judgment could be

rendered against him under the complaint. Maule should have been named as defendant, and it would then have been the duty of the guardian to come in and defend, provided process was served as required by law. The complaint wholly fails to state any cause of action against E. M. Jacobsen, guardian.

The judgment recites that the defendant, E. M. Jacobsen, appeared for the said Dr. George C. Maule, an insane person, by his attorney, Thomas C. Price. After reciting the trial, the court finds that certain sums of money are due on the several causes of action set forth in plaintiff's complaint, and that plaintiff is entitled to judgment. It is accordingly adjudged that the plaintiff recover from Dr. George C. Maule the sum named; no mention being made in that paragraph of the person named as defendant.

This somewhat remarkable record shows in brief the following proceedings:

A guardian for an insane person was sued for debts due from his ward, although the Code requires that the action should be against the ward. Summons was served outside the precinct where the action was brought against the named defendant, although the Code requires that he be sued in his own precinct. No service was made upon the insane ward, although the Code requires it. Judgment was entered against the insane ward, although his guardian was named alone as defendant. So it seems that plaintiff sued one man and entered judgment against another, which is an unusual form of procedure in legal actions. My conclusion is that the entire proceeding is void, and, even if the process in the case were correct, the complaint is so hopelessly defective that no valid judgment can be based upon it. The court appears to be required by law to enter the judgment of the justice court in the judgment docket of the district court, and the only way to protect the defendant or his ward from a void judgment is to stay execution as moved for by defendant's attorneys. An order may be drawn, providing a permanent stay of execution against the said judgment.