## ALASKA CREDIT BUREAU v. BURNELL et ux.
### No. 5464–A.

District Court of Alaska. First Division. Juneau.
April 11, 1946.

William L. Paul, Jr., of Juneau, for plaintiff.

R. E. Robertson and M. G. Monagle, both of Juneau, for defendants.

KEHOE, District Judge.

On July 31, 1945, the above-named plaintiff filed an amended complaint in the Justice Court for the Juneau Precinct alleging that it was the owner and holder by assignment of a judgment against defendants entered on the

8th day of May, 1939, in the Superior Court of the State of Washington, in the sum of $666.55 with interest from its date. A copy of the judgment attached to the amended complaint reads as follows:

"In the Superior Court for the State of Washington in and for the County of Spokane.

Bonded Adjustment Company, a corporation,
Plaintiff,

v.

Ed Burnell, and Mrs. Ed Burnell, his wife,
Defendants.

No. 103,338

Judgment

The Court being fully advised in the premises, it is by the Court

Ordered, Adjudged and Decreed that plaintiff do have and recover of and from the defendant and the community existing between himself and his said wife in the sum of $341.55 together with an attorney fee of $35.00 on its first cause of action and in the sum of $237.00 together with an attorney fee of $35.00 on its second cause of action, together with its costs and disbursements herein expended taxed by the Clerk at $18.00, and for interest thereon at the rate of 6% per annum from March 31, 1939, until paid.

Done in open court this 8th day of May, 1939.

/s/ Fred H. Witt
Judge."

At the trial of the case in the court below the foreign judgment was admitted in evidence and judgment was given by the Justice in favor of the plaintiff and against the defendant Ed Burnell in the sum of $611.55 with interest, attorney's fees and costs as prayed for. The defendant Mrs. Ed Burnell was not served with summons and complaint and did not appear in the action. This judgment was signed on October 29, 1945. Written notice of appeal was filed on November 21, 1945. The transcript was filed in this court on November 27, 1945. No bond for costs on appeal was filed until February 8, 1946, a motion to dismiss

the appeal having been filed on January 28, 1946, for failure to file the bond for costs.

On March 27, 1946, at the time the case was set for hearing the defendant Ed Burnell filed a "Motion for Perpetual Stay of Execution and Dissolution of Void Judgment Lien" setting forth as grounds therefor:

1. That the record of the foreign judgment sued upon does not show service of process, or an appearance by the defendants, or either of them.

2. Said judgment shows on its face that the attorney's fees allowed plaintiff are in excess of any amount allowed by the laws of the Territory of Alaska.

3. The record in this case shows that the judgment sued upon is a judgment against the defendant Ed Burnell and the community consisting of said Ed Burnell and his wife, and not an exclusively personal judgment against the defendant Ed Burnell.

On the hearing on the motion to dismiss the appeal for failure to file the cost bond on appeal, and the motion for perpetual stay of execution, which were heard together, it was argued, first, that the failure of the defendant Ed Burnell to file the bond at the time required by law (section 5593, C.L.A. 1933) is fatal, and the appeal should be dismissed for that reason, and, second, that, in addition to the grounds set forth in the motion for perpetual stay of execution, the foreign judgment sued upon and admitted in evidence in the lower court is not entitled to full faith and credit for the reason that it does not comply with the requirements as to authentication as set forth in Title 28 U.S.C.A. § 687.

In the case of Corcoran v. Kostrometinoff, 9 Cir., 164 F. 685, 3 Alaska Fed. 609, 21 L.R.A.,N.S., 399, which grew out of an appeal to the District Court for the First Division of Alaska from the Probate Court of Sitka Precinct, the Circuit Court of Appeals held that the failure of appellant to file an appeal bond for costs at the time of taking the appeal was not grounds for dismissal, provided the bond

be filed within a reasonable time thereafter, and where the appellee was not prejudiced by the delay.

■ Our statute on appeals from the Probate Court, however, no where provides that a bond on appeal shall be filed (Secs. 4571–4574, C.L.A. 1933). It provides only that exceptions to the order, decree or judgment shall be filed. Neither does the statute set any time limit for the perfecting of such appeal. Our rules, however, do provide that probate appeals be perfected within thirty days after the entry of the order or decree unless for good cause an extension not exceeding ninety days be allowed by the Court. This rule was made years after the Kostrometinoff case was decided. But our statute on appeals from the Justice Court expressly provides that a notice of appeal be given, and a cost bond be filed within thirty days from the date of the entry of the judgment in the lower court.

In the case of O'Connor v. Beck, 5 Alaska 690, the defendant attempted to appeal from a judgment against him in the Justice Court. The transcript was not filed in the District Court within the statutory period. On motion to dismiss the appeal, the Court held that the time for filing the transcript of the cause is jurisdictional and mandatory, it is statutory, and no exceptions are provided for, nor is the Court given any power to accept any excuse for failure to comply exactly and promptly with the requirements of the statute on appeals. Sections 5591 to 5603, C.L.A. 1933, clearly show that the time for filing the transcript of the cause is jurisdictional and mandatory. The transcript must have annexed thereto all the original papers relating to the cause or the appeal and filed with the Justice. Sec. 5598, C.L.A. 1933. The appeal is taken by serving a notice thereof on the adverse party or his attorney and filing the original with proof of service endorsed thereon with the Justice, and by giving the undertaking for the costs of the appeal. Sec. 5593, C.L.A. 1933.

■ The transcript in this case did not contain an undertaking for costs on appeal. No such paper was filed

with the Justice, nor was it filed in the District Court within the thirty days allowed. May the District Court now permit the cause to be heard on appeal on the filing of a bond after the lapse of three months and after the filing herein of a motion to dismiss the appeal for failure to file the bond? Since the appeal is statutory the answer must be in the negative. The case of Corcoran v. Kostrometinoff, supra, is not controlling here.

Having held that the appeal should be dismissed it follows that judgment here shall be given as in the court below. Sec. 5601, C.L.A. 1933.

It is claimed by defendant in his brief and on argument that this Court now has the right to inquire into the record of the trial in the court below and to determine therefrom whether that court proceeded in accordance with law, and cites as his authority the case of Loussac v. Jacobsen, 7 Alaska 560, and cases therein cited.

In that case, an appeal from a Justice Court which was dismissed in the District Court for failure to file the transcript on time, the Court held, first, that on dismissal of the appeal it must give judgment as it was given in the court below and, second, that even though the District Court should thus give renewed life to a void judgment if it had reason to find it void, it nevertheless has power as a court of general jurisdiction to grant a perpetual stay of execution of such void judgment.

The question to be determined then is whether the judgment of the Justice is void.

The action before the Justice Court was based upon a foreign judgment. To carry into effect the full faith and credit clause of the Constitution (Art. 4, § 1) Congress has enacted Title 28 U.S.C.A. § 687. It reads as follows: "Sec. 687. Authentication of·legislative acts; proof of judicial proceedings of State. The acts of the legislature of any State or Territory, or of any country subject to the jurisdiction of the United States, shall be authenticated by

having the seals of such State, Territory, or country affixed thereto. The records and judicial proceedings of the courts of any State or Territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form. And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

■■ The foreign judgment admitted in the court below is not properly certified. It contains no certification by the judge, chief justice, or presiding magistrate, that the attestation of the clerk, thereto attached, is in due form. In this respect it fails utterly to comply with the statute, and it follows that it should not have been admitted in evidence in the court below to thus form the basis and the only basis for the Justice's judgment. Northwestern Mutual Life Ins. Co. v. Stevens, 8 Cir., 71 F. 258.

The record further fails to show that any assignment of the purported foreign judgment was offered or admitted in evidence although such an assignment was alleged in the complaint.

■ Another cause is advanced as to the invalidity of the judgment of the Justice Court.

It appears that that judgment was entered more than six years after the rendition of the foreign judgment. Nothing in the record before us indicates that the foreign judgment was ever extended beyond the six-year term. It purports to have been entered in the Circuit Court for Washington on May 8, 1939. The Justice's judgment thereon is dated October 29, 1945, more than six years afterwards.

Our statute, unlike the Washington statute, provides that the lien of a judgment shall not expire until ten years have elapsed after its entry.

In this connection "Freeman on Judgments", 5th Ed., Section 1456, states: "But if the judgment sued on is dormant in the state where rendered, in the sense that it is absolutely dead and incapable of being enforced or revived, it cannot support any action in another state."

In the case of Farquharson v. Fresno Oil Co., 8 Cir., 9 F.2d 515, 517, the Court says of a judgment in Texas sought to be enforced by suit in Oklahoma: "We think that a suit to enforce a judgment in a foreign jurisdiction, in so far as statutes of limitations are concerned, should be treated as analogous to execution thereon in the state of rendition, and governed by the law of that state as to enforcement by execution."

We turn then to the statutes of Washington to see what limitations, if any, exist in that state on the right to issue execution on the judgments of its courts.

Section 445 of "Remington's Revised Statutes", so far as it is applicable, reads as follows: "The real estate of any judgment debtor, and such as he may acquire, not exempt by law, shall be held and bound to satisfy any judgment of the district court of the United States rendered in this state, any judgment of the supreme or superior court of this state, and any judgment of any justice of the peace rendered in this state, and every such judgment shall be a lien thereupon to commence as hereinafter provided and to run for a period of not to exceed six years from the day on which such judgment was rendered."

Section 445-1 provides that the lien of judgments of the superior courts shall commence to run from the time of filing of a duly certified abstract of such judgment with the county clerk.

Section 459 provides that after the expiration of six years from the date of the entry of any judgment it shall

cease to be a lien or charge against the estate or person of the judgment debtor.

Section 460 provides that no suit, action or other proceeding shall be had on any judgment after the expiration of six years from its rendition.

It seems to follow, therefore, that the judgment of the Superior Court of Washington, which is the foundation of the Justice's judgment, could not have been proceeded upon in the state of its rendition because it has ceased to have life by the passage of more than six years from its rendition, and it follows that it is without life in this jurisdiction. The Justice had no jurisdiction to entertain it. But the whole matter is settled beyond question by our own statute (Sec. 3374, C.L.A. 1933).

"Sec. 3374. Nonresidents cause of action when barred. When the cause of action has arisen in any state, territory, or country between nonresidents of this Territory, and by the laws of the state, territory, or country where the cause of action arose an action can not be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this Territory."

Other objections are made by the defendant which need not be noticed.

The motion to dismiss will be granted. Judgment will be entered as in the court below, and an order for the perpetual stay of execution thereon be issued.