### LULA MAY MURPH ET AL. v. C. L. McCULLOUGH, GUARDIAN.

#### Decided October 28, 1905.

**1.—Continuance—Defeated by Admission of Facts.**

Where the facts stated to be proved in an application for a continuance to obtain the testimony of a witness are admitted by the opposite party, it is not error to overrule the application.

**2.—Guardian and Ward—Deposit of Funds in Bank—Liability.**

Where a guardian, in the exercise of such due care as an ordinarily prudent person would use with reference to his own money, deposits the ward's funds in a bank regarded by himself and the public as solvent and safe, the money to remain there for such time as is reasonably necessary for it to be invested under order of court, and the bank fails, the guardian is not liable for the loss of the money resulting therefrom.

**3.—Same—Deposit as Loan—Order of Court Necessary.**

But if the deposit is made under an agreement, in consideration of interest to be paid, that the money is to remain in the bank for a fixed time during which the guardian has not the right to withdraw it, and such agreement is made without an order of the Probate Court, the guardian and his sureties are liable if the money is lost through a failure of the bank. Charge held properly refused which made no distinction between such a deposit and one merely for safe keeping until the money should be called for.

**4.—Same—Funds Used for Ward Without Order of Court—Interest.**

A guardian and his sureties are liable for funds of the ward used for the ward's maintenance and support, where so used without an order of court, and for interest thereon at ten percent from the time when, by reasonable diligence, the money could have been loaned under order of court.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

*W. J. McKie,* for appellants.—1. The only duty imposed upon the guardian of the estate of the minors, under the laws of this State, is reasonable care of the estate and such as a prudent man would apply to his own business affairs. Finley v. Merriman, 39 Texas, 62; 9 Encyclopedia Law, 105, and notes; Smythe v. Lumpkin, 62 Texas, 244; Reed v. Timmins, 52 Texas, 89.

2. Where it becomes necessary for the guardian of the minor's estate to make advances to the ward for his or her support and maintenance and the advances are reasonable, considering the amount of the estate, a court of equity will protect the guardian from liability by reason of making these payments, and that even when the expenditure had been made without the order of the Probate Court.

A recovery against a guardian for 10 percent interest is not permissible under the statute unless it is shown to the satisfaction of the court and jury that the guardian could have obtained this amount of interest by an effort to place the funds. Rev. Stats., arts. 2630, 2648;

Kendrick v. Wheeler, 85 Texas, 247; Kendrick v. Wheeler, 31 Texas, 243; Freybe v. Tiernan, 76 Texas, 286; Young v. Gray, 65 Texas, 102.

3. If the facts disclosed without controversy that the money of the wards was lost by the failure of the bank selected as a depository, and this bank was selected with ordinary business care and judgment, it was a complete and valid defense in this case, and the jury should have been so instructed. Word v. Bledsoe, 32 Texas, 254; Washington v. Railway, 36 Texas, 738.

*Callicutt & Call,* for appellee.—1. The guardian is liable for both principal and the highest legal rate of interest upon such principal, if he fails to invest or loan the wards money. Art. 2648, Batt's Statutes; Smythe v. Lumpkin, 62 Texas, 242; Smith v. Dibrell, 31 Texas, 243; Jones v. Parker, 67 Texas, 82; Hurst v. Marshall, 75 Texas, 454.

2. The statute requiring a guardian to loan his wards' money at interest with security to be approved by the court, is mandatory, and the guardian and his sureties are liable for any loss of the wards' money loaned without such approval, although the loan was made in good faith, and the securtiy was good at the time the money was loaned. Hughs v. People, 111 Ill., 458; Gilbert v. Guftell, 44 Ill., 112; Easton v. Somerville, 111 Iowa, 164, 84 N. W. Rep., 507; Cunningham v. Gooch, 97 N. C., 186; Freedman v. Vallie, 75 S. W. Rep., 322; McIntyre v. People, 103 Ill., 146, 178.

3. The guardian of the minors' estate is not entitled to credit for expenditures, and the maintenance of his wards out of the corpus of the estate, and the guardian and sureties on her bond can not be credited for any expenditures by the guardian not made under proper order of the Probate Court, duly entered upon the minutes of the court. Allen v. Stovall, 84 Texas, 631; Blackwood v. Blackwood, 92 Texas, 478; DeCordova v. Rogers, 75 S. W. Rep., 16; Freedman v. Vallie, 75 S. W. Rep., 322; Logan v. Gay, 87 S. W. Rep., 852; Jones v. Parker, 67 Texas, 82; Smythe v. Lumpkin, 62 Texas, 242; Rev. Stats., art. 2630.

RAINEY, CHIEF JUSTICE.—This suit was instituted by C. L. McCollough as guardian of Lulu May, Irvine and George McCullough, minors, against Lulu May Murph and husband, and the United States Fidelity Company of Baltimore, Maryland, for the sum of $3,000, alleged to have been received by the said Lula May Murph as former guardian of said minors, the said company being surety on her guardian's bond. Lula May Murph made no defense. The said company answered that $500 had been used in the maintenance and education of said minors and the remainder, $2,500, had been lost by the failure of the bank at Frost, Texas. That said $2,500 had been deposited in said bank by Mrs. Murph, the guardian, and in so doing she used proper care and was not guilty of any neglect or wrong, the said bank being regarded as perfectly solvent. A trial resulted in a verdict and judgment for plaintiff, and the defendant company appeals.

The first assignment of error complains of the action of the court

in refusing to grant appellant a continuance on account of the absence of witnesses named, and especially on account of the absence of one Fleming, his testimony being alleged to be material to the issue involved. The presence of the witness, Fleming, was desired to prove that Rod Oliver, the principal owner of the bank, conducted a "large number of banks in Texas up to the time of his failure in August, 1903; that he was regarded up to that time by said witness and by the general public as a man of large means and large credit and entitled to the confidence of the public as a banker, and that he had been in the banking business for a number of years, and that it is a most usual thing as a custom among bankers and among the best banks in the country to allow depositors interest on funds deposited, even when the same is subject to check, and that a greater amount of interest is usually allowed when it is coupled with an agreement that if the customer allows the money to remain on deposit for a great length of time, for instance, four of six months, that he shall have a higher rate of interest, but if funds are withdrawn before that time he or they shall forfeit the interest claimed." Plaintiff's attorney made the following admission: "It is admitted that Rod Oliver, proprietor of the Bank of Frost, was regarded and generally understood to be solvent and wealthy up to the failure of the Frost Bank, and that it was customary for banks to allow interest on deposits," etc. Where the facts stated to be proved in the application for continuance are admitted by the opposite party, it is not error to overrule the application. (Page v. Armin, 29 Texas, 73.)

Complaint is made that the verdict and judgment are contrary to the law and evidence. There is some conflict in the evidence, but the evidence favorable to plaintiff's theory of the case is sufficient to warrant a finding by the jury in plaintiff's favor. Mrs. Murph is the mother of the minor children, Lula May, Irvine and George McCullough, by a former husband. After the death of her first husband (McCullough) she was appointed guardian of said minors, and as such collected $3,000 due said minors on an insurance policy left by her said husband. This money was collected through the Bank of Frost in the fall of 1902, and the money was allowed to remain on deposit in said bank until March 1, 1903, on which date, and without an order of the Probate Court, it was agreed between her and the officers of said bank that $2,500 of said money, she having expended $500 for the support of herself and children and for their education, should remain on deposit in said bank for the period of six months, she to receive interest at the rate of six percent per annum, and she during that time having no right to withdraw the same. The bank failed in August, 1903. Appellant contends that the evidence shows that the money was left with the bank with the understanding that if it remained six months it was to draw six percent interest per annum, but if withdrawn before that time no interest would be paid, and Mrs. Murph under the agreement could have withdrawn it at any time, and that said money was so left to await a pending investment in land. If the contention of appellant was correct, it having been shown that the Bank of Frost was regarded by the public as perfectly solvent, then appellant was entitled to a verdict, but the jury did not

believe this contention and we do not feel authorized under the evidence to reverse their finding.

A guardian in handling the funds of the ward is held to the use of such care as an ordinarily prudent person would use in the handling of his own funds, and if in the use of such care he deposits for safe keeping the funds of the ward in a bank which is regarded by the public as solvent and safe, and the contrary is not known to him, the money to there remain for such time as is reasonably necessary for same to be invested under order of the court, and the money is lost by the failure of the bank, the guardian would not be liable therefor. But where the guardian makes a deposit and agrees that it shall remain for a fixed period of time, and thereby loses the right to withdraw said fund during that time, and the agreement is made without due order of the Probate Court permitting the same, and the bank should fail and the money is lost thereby, the guardian and bondsmen become liable to the wards of such funds.

Complaint is made of the court's action in refusing to give the following requested charge, viz: "At the request of the defendant you are instructed that the guardian, Mrs. McCullough, had a right under the law to select some bank regarded as a good and solvent bank within which to deposit her ward's funds, and take interest from such bank pending her effort to invest said money, and if under such circumstances the money was lost, defendant would not be liable." This is in effect a peremptory charge to find for defendant if the jury should find that the money was a deposit and not a loan, and we think properly refused. The court correctly instructed the jury in effect that if the money was left in the bank as a deposit and in leaving it the guardian exercised the care and management of the money that a prudent man would have exercised in regard thereto, the guardian would not be liable.

The evidence shows that the money was collected the latter part of November, 1902, and remained in the bank until some time in August, 1903, a period of about nine months, and although she may have left it there for investment at some future date, it was a question for the jury whether or not her action was prudent in the management of such funds.

The law is jealous in the protection of the estates of minors, and many regulations are prescribed for the government of guardians in the management of such estates, and where money in the hands of a guardian is not forthcoming he must show good legal reasons for not producing same when legally called upon so to do. The evidence showing that Mrs. Murph had used $500 of said fund without permission of the court, though used for the maintenance and support of her wards, she and the surety on her bond are liable for said amount. (Blackwood v. Blackwood, 92 Texas, 478; Allen v. Stovall, 94 Texas, 618.)

Mrs. Murph having failed to properly handle the funds of said wards, it was not error for the court to instruct the jury that if they found that she could have loaned the fund so expended, under order of the court, by the use of reasonable diligence to add interest at ten percent from the time the money could have been so loaned.

The remarks of counsel complained of are not sufficient to cause a reversal. The .court admonished counsel that the remarks were improper, whereupon counsel ceased his remarks along that line and withdrew same. No special charge was asked to disregard same.

Various objections are urged to the charge of the court, and to the action of the court in refusing to give special charges requested. None of these objections, in our opinion, are well founded. The court's charge clearly presented the issues raised by the evidence, and the special charges refused, where applicable, were sufficiently covered by the main charge.

The evidence shows a mismanagement of said estate by the guardian for which she and the surety on her bond are liable, and finding no material error in the judgment it is affirmed.

*Affirmed.*

Writ of error refused.