WYATT & WINGO et al. v. WHITE et al.
(Nos. 205-3284.)

(Commission of Appeals of Texas, Section A.
March 2, 1921.)

1. Pleading ⟾403(3)—Petition held to sufficiently allege execution of bond by sureties in view of answer.

In an action on a guardian's bond, an allegation that the fund in his hands had been misappropriated by him, and that by reason thereof defendants became liable as sureties, was sufficient as against an exception on the ground that it did not allege defendants' execution of the bond, in view of the answer, filed before the exception was acted upon, alleging that they signed the bond solely as sureties.

2. Guardian and ward ⟾182(5)—Petition in action on bond held sufficient though not containing allegation as to performance by sureties.

In an action on a guardian's bond conditioned for the faithful performance of the guardian's duties, where the petition alleged failure of the guardian to account for certain funds, it was sufficient as against the objection that it contained no allegation as to performance on the part of the sureties, as, under the bond, they were to become liable only in the event of the guardian's breach, and no ·duty of performance was imposed on them.

3. Guardian and ward ⟾182(5)—In action on bond allegation of nonpayment of penalty held unnecessary.

In an action on a guardian's bond, an allegation that the guardian invested the trust fund without orders of the court and appropriated it to his own use sufficiently charged a failure to faithfully discharge his duties and rendered unnecessary any averment of nonpayment of the penalty of the bond.

4. Guardian and ward ⟾182(5)—In action on bond allegation that it .was filed held to include intermediate steps.

Under Rev. St. 1911, arts. 4097-4112, requiring a guardian to take oath, give bond to be fixed by the county judge, present the oath and bond to the judge for his action, and file the oath and bond when approved by the county judge, an averment in an action on the bond that it had been filed was sufficient to include the intermediate steps, including the fixing of the amount by the judge and the approval of the bond by him.

5. Guardian and ward ⟾182(7)—Instruction on issue whether property was purchased with funds in guardian's hands as such held improper.

In an action on the bond of a guardian who had also been executor and trustee under the will of plaintiffs' father, evidence *held* insufficient to authorize a requested charge calling for a finding on the issue of whether property received in settlement of a previous suit against the trustee was paid for with money in his hands as guardian.

6. Guardian and ward ⟾182(6)—To avoid liability for interest, sureties had burden of showing that expenditures were from earnings of guardianship. fund.

In an action on the bond of a guardian who had been executor and trustee under the will of his wards' father which provided a fund for their education and maintenance, where it appeared that the guardian checked out the fund, and it did not appear that he invested it as required by Rev. St. 1911, arts. 4140-4147, the burden was on the sureties seeking to avoid liability for interest to show that the expenditures by the guardian for the education and maintenance of the wards were from the earnings of the fund in his hands as guardian.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by Willard W. White and others against Wyatt & Wingo and ˙ another. A judgment for plaintiffs was affirmed by the Court of Civil Appeals (207 S. W. 679), and the defendants named bring error. Affirmed.

Jno. L. Dyer, Lea, McGrady & Thomason, Gowan Jones, and Charles H. Veale, all of El Paso, for plaintiffs in error.

Jones, Jones, Hardie & Grambling, of El Paso, for defendants in error.

SPENCER, J. This suit was instituted by defendants in error to recover of W. C. Davis, as principal, and plaintiffs in error, as sureties, upon a guardian's bond for the alleged failure upon the part of Davis to faithfully discharge the duties of guardian of the estates of the minors named in the bond.

Henry Lee Davis, father of the minors, died on the 10th day of August, A.. D. 1906, leaving a .will naming W. C. Davis as independent executor and trustee of his estate without bond.

Davis qualified as executor and trustee and filed an inventory and appraisement of the estate in which the assets were shown as $78,814.75, and the liabilities at $7,750. Among the assets was an insurance policy of the face value of $2,000 payable to the three minors named in the bond. It was to collect the amount of this policy that Davis qualified as guardian, giving the bond heretofore referred to. The amount of the policy was collected by Davis and deposited with the Guaranty Trust & Banking Company of El Paso, where it earned $72 interest. The principal and accumulated interest were withdrawn from this institution and loaned to one B. F. Jenkins, as evidenced by his note of March 10, 1908. Jenkins paid this note with interest, amounting to $2,210.14, about January 14, A. D. 1909,. and it was on that date deposited by Davis in the American National Bank to his account as executor and trustee, and mingled with the funds of the estate. By June 1, 1909, Davis had checked out all of

this commingled fund, except $180.82. It was to collect this alleged unaccounted for guardian fund that this suit was commenced.

The probate court of El Paso county on July 21, A. D. 1908, made an order merging the guardianship cause with the original cause probating the will and directed that Davis handle the guardianship fund in the capacity of executor, trustee, and guardian without the necessity of making any report other than that required by the will.

Some time prior to March, A. D. 1916, the exact date not appearing of record, defendants in error instituted a suit against Davis for an accounting, the cause being No. 11817 upon the dockets of the Fourth district at El Paso, Tex. In that cause an agreed judgment was entered in which the court found that, in addition to the amount of property in the hands of Davis as trustee at the time of the decree, Davis was indebted to the wards in the sum of $62.356.48, which sum he used in various and sundry investments during the management of the trust, and with a portion of said sum purchased various items of property, the title to which was taken in his own name. This property was transferred by Davis to the defendants in error at the agreed value of $30,000, and a personal judgment rendered against him for $13,643.13.

Plaintiffs in error contended in this case that the guardian fund was used by Davis in the purchase of the properties mentioned, and that such property was worth considerably more than the agreed value at which it had been transferred, and that they were not bound by the agreement and the judgment entered pursuant thereto.

A general demurrer was urged to defendants in error's petition and overruled. A jury, in response to a special issue submitted to it, found that the fair and reasonable value of the property transferred to defendants in error was $36,400. The trial court entered judgment in favor of each of the wards for her pro rata share of $2,000, with interest thereon at the rate of 10 per cent. per annum from the 14th day of January, A. D. 1909, to the 8th day of September, A. D. 1917, less the guardian's commission.

Upon appeal plaintiffs in error, in addition to assigning error to the court's refusal to give certain special requested issues which will be hereafter considered, urged that the general demurrer to the petition should be sustained because the petition did not allege: (a) That the bond which was copied into the petition was executed by the parties thereon; (b) that a demand was made of the sureties for the performance of the bond; (c) that there was a default upon the part of the sureties; (d) that the amount of the bond had been fixed by an order of the county court; and (e) that the bond had been approved by the county judge as required by law. Upon

rehearing the Court of Civil Appeals affirmed the judgment, Mr. Chief Justice Harper dissenting in part. 207 S. W. 679.

Defendants in error alleged that Davis was appointed guardian pursuant to the order of the court, and duly qualified by taking the oath and giving bond; that thereafter, on May 22, 1907, Davis, as guardian, collected the sum of $2,000 belonging to the minors and proceeded to use the said money and to invest same without any orders from the probate court, and had appropriated the same to his own use; that no part of the said sum was necessary for the use, education, and maintenance of the wards; and that by reason of such acts Davis and plaintiffs in error, the sureties on his bond, became liable to the wards. Plaintiffs in error alleged that they signed the bond solely as sureties, Davis being primarily liable, and that in the event of a judgment they have judgment over against Davis.

[1] The allegation of the petition that the guardian's fund had been misappropriated by Davis, and that by reason thereof plaintiffs in error became liable as sureties, coupled with the averment in the answer of plaintiffs in error, which was filed before the exception was acted upon, that they signed the bond solely as sureties, is sufficient as against the objection that it did not allege that they executed the same.

[2] It was unnecessary to allege performance of the bond upon the part of the sureties. The bond, though containing a penal clause, was not primarily for the sum of money, but was conditioned for the faithful performance of guardianship duties. The act of Davis was not, strictly speaking, one of defalcation, although that incidentally resulted, but was for the breach of a covenant. There could be no breach of the covenant in so far as the sureties were concerned. The performance of the condition rested with Davis. No duty was imposed upon the sureties, under the terms of the bond, to perform the conditions of the covenant; they were to become liable only in the event of a breach by Davis.

The allegations specifically negatived the faithful discharge of the duties imposed by the covenant upon the part of the principal, and was therefore sufficient.

[3] The basis of the suit was the breach of the covenant to faithfully perform the duties of guardianship. The averment that Davis had invested the trust fund without orders of the court and appropriated the same to his own use and benefit sufficiently charged a violation by him to faithfully discharge such duties, and it was therefore unnecessary to aver nonpayment of the penal part of the bond. McLaughlin v. Hutchins, 3 Ark. 207; Hughes v. Houlton, 5 Blackf. (Ind.) 180; 9 C. J., 103, par. 183, note 28.

[4] The remaining objections, that the pe-

tition did not allege that the amount of the bond had been fixed by an order of the county court, and that it did not allege approval thereof by the county judge, are likewise untenable in view of the allegation that the bond was given in pursuance to the order of court, which bond, it is alleged, was filed upon the date this order of the court was made. The successive steps necessary to qualify as guardian, are: (1) The taking of an oath to faithfully discharge the duties of guardianship; (2) the giving of a bond to be fixed by the county judge, containing the requisites of the statute; (3) the presentation of the oath and bond to the county judge, within the prescribed time, for the action of the judge; and (4) the immediate filing of the oath and bond when approved by the county judge. Title 64, c. 7, of Revised Civil Statutes of 1911. The averment that the bond had been filed was sufficiently comprehensive to include all the intermediate steps, including the fixing of the amount of the bond by the county judge and the approval of the bond by him. 9 Corpus Juris, 165, par. 165, note 94.

[5] Plaintiffs in error asked a special charge which requested a finding upon the issue as to whether the property which defendants in error had received in the settlement with Davis in the previous suit had been paid for in part with money which came into Davis' hands as guardian. The majority of the Court of Civil Appeals were of opinion that, inasmuch as there was no evidence justifying the submission of such an issue, the special charge was properly refused. We think this finding is correct.

The uncontradicted evidence upon this point shows that on January 1, 1909, Davis had a balance in bank of $259.13, and that thereafter he made the following deposits thereto: January 4, 1909, $1,560; January 14, 1909, $2,210.14 (which represented the guardian's fund); February 19, 1909, $885; February 29, 1909, $5,200. On June 1, 1909, all of this fund, except $180.82, had been checked out by Davis as executor. Davis testified that at the time of the settlement of the suit against him for an accounting as executor he personally owed the estate $40,500 for money he had borrowed from it upon his own notes, most of which was unsecured, and that he used the borrowed money in the purchase of the various properties which the court in the accounting suit awarded to defendants in error. The dates of the various purchases are not shown, and there is a total lack of evidence that he used the money checked out between January 1, 1909, and June 1, 1909, in the purchase of any of this property. There was therefore no evidence warranting the submission of this issue.

[6] The judgment is also attacked because it allows defendants in error 10 per cent. interest from the time the money was deposited to the executor's account to the date of its rendition. Plaintiffs in error contend that, inasmuch as the guardian annually after having received said sum expended for the education and maintenance of the wards more than the amount would have earned at the highest legal rate, and that as the guardian was authorized to expend this income without an order of the court, he was entitled, under the evidence, to a finding that it had been expended for such purposes. There is no evidence warranting the submission of this issue. The bond was conditioned for the faithful discharge of the duties of guardian. His plain duty under the statute was to invest the same in bonds, as specified in the statute, or to loan the same upon unincumbered real estate secured by mortgage with power of sale or upon approval by the county judge to invest same in real estate. Articles 4140 to 4147, inclusive, Revised Civil Statutes 1911. The record does not reveal that he did any of these things, but simply shows that he checked out this amount after it was deposited. No attempt is made to trace it or show that it went to purchase any of the property heretofore mentioned. The evidence does not show that the money ever earned a cent after its withdrawal from the bank. The burden was upon plaintiff in error to show not only that the expenditures were for the education and maintenance of the wards, but that such expenditures were from the earnings of the guardian fund; otherwise it would be presumed that the funds so expended were disbursed in virtue of the provisions of the will which set apart a fund for the education and maintenance of the wards.

It is our conclusion, therefore, that the judgments of the Court of Civil Appeals and of the district court should be affirmed, and we so recommend.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.