W. A. Inman, Coy Inman, Ira Inman, and Cordie Inman Roland (joined by her husband Edward Roland), being children of J. C. Inman and wife, Maggie Inman, both deceased, brought this suit against the United States Fidelity Guaranty Company as surety upon two guardian's bonds to recover thereon for an alleged default of the guardian, the said J. C. Inman. There were other parties defendants, the judgment as to whom is not attacked and that phase of the case need not be stated. *Page 340 
Maggie Inman died in Runnels county May 21, 1911, leaving an interest in community property. On November 6, 1916, J. C. Inman was appointed guardian for the plaintiffs herein and their sister Alta Inman, all minors. A guardian's bond in the sum of $1,000 was given. On November 10, 1916, the probate court, acting upon application of the guardian, ordered the sale of the wards' interest in 213.5 acres of land for the purposes of educating and maintaining said wards and of paying certain debts of the joint estate of the guardian and said minor children in the form of vendor's lien notes against the land. At the same time the court, by due order, required an additional bond in the sum of $8,540 which was given with said United States Fidelity Guaranty Company as surety. On April 27, 1920, the guardian filed an account covering the years 1917, 1918, and 1919, acknowledging money on hand belonging to four of his wards — the plaintiffs herein — in the sum of $3,522.14. This was a final account as to Alta Inman who had married and had received and receipted for $560 in full of her interest in the estate. This report was approved May 3, 1920, and duly entered of record.
Plaintiffs, as disclosed by their petition, sought to hold the surety liable on said bonds because of an alleged conversion by the deceased guardian of the $3,522.14 as acknowledged in said guardian's report together with interest at the rate of 10 per cent. per annum from May 3, 1920, the date of the approval of same by the court.
Upon a nonjury trial, the court below gave judgment in favor of each of the four plaintiffs as follows: W. A. Inman $1,339.59; Coy Inman $1,430.94; Ira Inman $1,593.79; and Mrs. Cordie Inman Roland $1,632.99. These several awards were made up as follows: "$883.50 each with ten per cent interest thereon from the 3rd day of May, 1920, up to the date they each reached their majority, and with six per cent per annum after their majority up to the date of the death of their guardian J. C. Inman less the sum of $84.00 each, shown to have been received by the plaintiffs from the guardian's estate, with six per cent thereon from March 1, 1930, up to the date of the trial of this cause." The defendant United States Fidelity Guaranty Company has appealed.
Appellant first insists that the judgment should be reversed on the ground that the evidence was legally insufficient to support the judgment. More specifically stated, the contention is that since the minor's interest in the 213.5 acres of land was ordered to be sold for the purpose (in part) of educating and maintaining the minors and the report of the guardian showed that $3,522.14 cash on hand at the time the report was approved (May 3, 1920) was a part of the proceeds from the sale of the land, the presumption would be that said money was used to educate and maintain the minors; that there was no evidence to show the contrary and hence there was no evidence sufficient to support the judgment. Appellees sought to make the necessary proof by showing that the guardian, by his report, had acknowledged that he had on hand on May 3, 1920, the said sum of $3,522.14 belonging to plaintiffs; that when he died in 1929 he had not paid over same or any part thereof to plaintiffs; and that he had an estate at his death only sufficient to pay his debts and $84 to each of the plaintiffs. None of the evidence was inconsistent with the presumption that the guardian had legally expended the $3,522.14 for the education and maintenance of his wards. There was, therefore, no evidence of a fact essential to support the judgment. Fidelity Deposit Co. v. Schelper, 37 Tex. Civ. App. 393, 83 S.W. 871.
Our conclusion does not imply that the guardian was under no necessity of procuring orders of the probate court authorizing him to make expenditures of the money for said purposes. The above cited case does not, as we understand it, so hold. The credits which, in that case, it was held the surety would be entitled to were limited to such as the guardian "would have been entitled himself to have allowed as a credit on his account." In our opinion, the guardian himself would not have been entitled to credit for moneys expended for the education and maintenance of his wards beyond the clear income of the estate, and out of the corpus thereof unless and until previously authorized by order of the court duly entered. R.S. 1925, art. 4171; Jones v. Parker, 67 Tex. 76, 3 S.W. 222; Blackwood v. Blackwood, 92 Tex. 478, 49 S.W. 1045; De Cordova v. Rogers,97 Tex. 60, 75 S.W. 16; Allen v. Stovall, 94 Tex. 618, 63 S.W. 863,64 S.W. 777; Murph v. McCullough, 40 Tex. Civ. App. 403, 90 S.W. 69. The subject-matter of orders authorizing the guardian to sell land for the education and maintenance of his wards is entirely different from that of orders authorizing him to make expenditures out of the corpus of the estate for such purposes. In passing upon applications for the former, no consideration would necessarily be given to specific amounts to be so used. But as to the latter, such consideration would be necessary. The granting of a blanket authority would be insufficient. As said in Wheeler v. Dulke, 29 Tex. Civ. App. 20, 67 S.W. 909, 911: "The statute clearly and explicitly places upon the court the duty and responsibility of determining what amount shall be deemed sufficient for the proper maintenance and education of the wards, and, unless a specific sum is fixed by the court for such purpose, the guardian can only expend the income." Holding that judicial discretion to determine the amount could not be *Page 341 
delegated by the court to the guardian, the court determined that an order attempting to allow the guardian to make such expenditures "as may be sufficient to maintain and educate the minors" was void. We think that had the applies proved that no orders had been entered in the guardianship proceeding authorizing the guardian to make expenditures from the money on hand for the maintenance and education of his wards, such evidence, in addition to the facts that were proved, would have been sufficient to show a right of recovery. Such evidence, however, is wholly absent from the record.
W. A. Inman, one of the plaintiffs, was permitted to testify, over the objection of appellant, concerning certain statements by or transactions with the deceased guardian, J. C. Inman. Appellant contends that the testimony was inadmissible because prohibited by the provisions of R.S. 1925, art. 3716, which provides that "in actions by or against executors, administrators, or guardians," etc., "neither party shall be allowed to testify," etc. The authorities cited support the contention, we think, that the testimony complained of concerned transactions with the deceased guardian. It seems to be assumed that the nature of the action is such as to come within the prohibitions of said statute. We do not think, however, that such is the case. It lacks the decisive element that the judgment to be rendered must be one for or against the guardianas such. The same contention was made in Graham v. Miller,26 Tex. Civ. App. 5, 62 S.W. 113, 114, which was a suit by children against sureties on the bond of their father as survivor in community. The court said: "There was no error in allowing the plaintiff to testify that she had never had a settlement with her father, as complained of in the cross assignment. The character of the evidence probably comes within the decisions cited, but the statute does not apply." We need not determine whether the action can properly be regarded as one to which the deceased guardian was a party. Even if so, the judgment would not have been for or against him as such. As said in Jones v. Parker, 67 Tex. 76,3 S.W. 222, 225, "the words `as such,' used in the article just quoted, limit the application of the law to those cases in which a judgment could be rendered for or against the guardian in his representative capacity; that is to say, a judgment which is in effect a judgment in favor of oragainst his ward, and which does not affect him personally." (Italics ours.) In the very nature of the case in this suit by the former wards, the judgment could not meet such a test.
The disposition of the case necessary to be made by reason of our conclusions hereinabove stated, renders it unnecessary to determine the question presented relative to the rate of interest to be allowed. Whether interest at any rate is to be allowed will be wholly dependent upon what the evidence upon another trial may show concerning authority of the guardian to make expenditures for the education and maintenance of the wards. If authority be shown, no question of interest can arise. If not, however, the question presented may arise again, and, for that reason, we deem it proper to express our views. If the facts be pleaded and the proof shows that the guardian was not authorized by proper orders to expend the moneys belonging to his wards for their education and maintenance, and, further shows that the moneys could have been safely invested so as to produce Income as interest, and the guardian neglected to do so or failed to do so by reason of an unauthorized use of the money himself, then we think the surety upon his bond may properly be charged with interest at the rate of 10 per cent. per annum during the time such conditions existed, up to the time each of said wards became twenty-one years of age. This conclusion, we think, is supported by a number of authorities of which may be mentioned the following: Murph v. McCullough, 40 Tex. Civ. App. 403, 90 S.W. 69; United States Fidelity Guaranty Co. v. Taggart (Tex.Civ.App.) 194 S.W. 482; Wyatt v. White (Tex.Com.App.) 228 S.W. 154; Van Orden v. Pitts (Tex.Com.App.) 206 S.W. 830; Thomas v. Hawpe, 35 Tex. Civ. App. 311, 80 S.W. 129; Arrington v. McDaniel (Tex.Civ.App.) 4 S.W.2d 262. After each minor became twenty-one years of age, at which time the guardianship as to him should have been closed, the proper rate of interest would be 6 per cent. per annum. Logan v. Gay, 99 Tex. 603, 90 S.W. 861, 92 S.W. 255.
We do not believe that what has been said relative to the rate of interest can in any way be affected by the fact that there was no settlement of the guardian's account in the probate court. In fact, we are of the opinion that the death of the guardian made it more appropriate, if not necessary, that in any suit against the surety upon the guardian's bond, the accounting should be enforced in the district court. Most of the cases cited were cases instituted in the district court as the court of original jurisdiction. That a determination of the account between a former guardian and his wards is not a prerequisite to the exercise of the power of a court having jurisdiction to entertain a suit on the bond, to do so is a proposition which is sustained by the following decisions: 21 Tex.Jur., p. 404, § 128; Timmins v. Bonner,58 Tex. 554; Tannery v. Pirtle (Tex.Civ.App.) 19 S.W.2d 862; Fidelity Deposit Co. v. Risien (Tex.Civ.App.) 284 S.W. 977; American Surety Co. v. Hardwick (Tex.Civ.App.) 186 S.W. 804.
We deem it unnecessary to determine the question presented by appellant's last *Page 342 
proposition, namely, whether the order of the probate court purporting to close the guardianship was void because of the court's want of jurisdiction, and, that, therefore, evidence thereof should have been excluded. Since the order in question purported to discharge the surety, we see no reason why the surety should have objected to same, but since appellant contends that it was void, we deem it unnecessary to enter upon a consideration of the question. If it was void, we are unable to see how it could prejudice the appellant.
For the reason hereinabove discussed, it is our opinion that the judgment of the court below should be reversed and the cause remanded which is accordingly so ordered.
 On Rehearing.
In their motion for rehearing appellees insist that we are in error in holding that there was no evidence that the guardian did not procure orders of the probate court authorizing him to make expenditures for the education and support of his wards. It is contended that the clerk's certificate to the records of the probate court of Runnels county, introduced by appellees, constituted such evidence. In the statement of facts is found the following statement of appellees' attorney: "The plaintiff next offers in evidence certified copies of the complete probate records from Runnels County, Texas, in cause No. 458, styled Inman Heirs, J. C. Inman, Guardian." Then follow a number of instruments at the end of which is the certificate of C. L. West, county clerk of Runnels county, Tex.: "That the above and foregoing contains all of the documents filed as of the date indicated thereof, of each, and the orders of court, each of record in the book and page of the probate minutes of Runnels County, as indicated on each document and order as appears in the transcript. That the same constitutes the record and all of the probate records in cause No. 458 in the estate of Alta Inman et al, minors, as now on file and on record in my office."
The statement of the attorney cannot be regarded as evidence for one reason, if no other, because he was not sworn. The certificate is incompetent to prove the nonexistence of orders other than those certified. "The nonexistence of a fact cannot be proved by the certificate of public officer, or board, unless the statute so provides." 17 Tex.Jur. 667, § 282; Watson v. Texarkana Pipe Works (Tex.Civ.App.)257 S.W. 1003; Myers v. Jones, 4 Tex. Civ. App. 330, 23 S.W. 562.
In this connection we have given consideration to the fact that the certificate was introduced in evidence without objection. It has been held a number of times that hearsay evidence, when admitted without objection, is not without probative force. Daniel v. Harvin et al.,10 Tex. Civ. App. 439, 31 S.W. 421; Ketch v. Weaver Bros. (Tex.Civ.App.)261 S.W. 380; Gray v. Fussell, 48 Tex. Civ. App. 261, 106 S.W. 454; Western Union Tel. Co. v. Hirsch (Tex.Civ.App.) 84 S.W. 394; Harvey v. Comegys (Tex.Civ.App.) 233 S.W. 601; Tate v. Morris, Graham Morris (Tex.Civ.App.) 248 S.W. 797; Coulter v. G., C. S. F. Ry. Co. (Tex.Civ.App.) 248 S.W. 788; Feingold v. Lefkovitz (Tex.Civ.App.)147 S.W. 346; City of Austin v. Forbis (Tex.Civ.App.) 86 S.W. 29; Hatch v. Pullman Sleeping Car Co. (Tex.Civ.App.) 84 S.W. 246; Speed v. Sadberry (Tex.Civ.App.) 190 S.W. 781.
In Henry v. Phillips, 105 Tex. 459, 151 S.W. 533, the Supreme Court considered the probative value of hearsay evidence, which was also in disparagement of the grantor's title as shown by a deed, and there held that such testimony, although not objected to, could never form the basis of findings of fact in an appellate court, and that in applying the law to the facts such a court can only base its conclusion upon competent testimony under the law. That evidence subject alone to the objection that it is hearsay is incompetent seems to be well established. "Hearsay evidence is incompetent to establish any fact which is in its nature susceptible of being proved by witnesses who speak from their own knowledge. * * * Not only is it not the best evidence; it is not even secondary evidence; it is no evidence." 17 Tex.Jur. 520, § 210. Stringfellow v. Montgomery, 57 Tex. 349; Daggett v. Farmers' National Bank (Tex.Civ.App.) 259 S.W. 198; Id. (Tex.Com.App.) 2 S.W.2d 834; Hargis v. Moxon (Tex.Civ.App.) 34 S.W.2d 353; Shelton v. Thomas (Tex.Civ.App.)11 S.W.2d 254. Following Henry v. Phillips, supra, hearsay evidence has in the following cases been held incompetent: Paris G. N. R. Co. v. Lackey (Tex.Civ.App.) 171 S.W. 540, 541; Texas Midland Ry. Co. v. Cummer Mfg. Co. (Tex.Civ.App.) 207 S.W. 617; Hutchison v. Massie (Tex.Civ.App.) 226 S.W. 695; Austin Fire Insurance Co. v. Adams-Childers Co. (Tex.Civ.App.) 232 S.W. 339; So. Surety Co. v. Nalle Co. (Tex.Com.App.) 242 S.W. 197; Tankersley v. Martin Reo Sales Co. (Tex.Civ.App.) 242 S.W. 328; Johnson v. Gattegno (Tex.Civ.App.)267 S.W. 740; Conyer v. Burckhalter (Tex.Civ.App.) 275 S.W. 606; Hewitt v. Buchanan (Tex.Civ.App.) 4 S.W.2d 169; McBeath v. Campbell (Tex.Civ.App.) 4 S.W.2d 999; Brooks v. Kennedy (Tex.Civ.App.)28 S.W.2d 214; Central Meat Market v. Longwell's Transfer (Tex.Civ.App.)43 S.W.2d 616; Standard v. Texas Pacific Coal Oil Co. (Tex.Civ.App.) 47 S.W.2d 443; United States Fidelity Guaranty Co. v. Henderson (Tex.Civ.App.) 53 S.W.2d 811.
It is, therefore, our opinion that the motion for rehearing should be overruled, and it is accordingly so ordered. *Page 343