In Matter of Guardianship of McIntire: McIntire, Appellant, *v.* McIntire, Appellee.

(Decided May 10, 1940.)

*Mr. Forrest D. Pfalzgraf* and *Messrs. Matz & Matz,* for appellant.

*Messrs. Moore & Moore,* for appellee.

Phillips, J.   The Probate Court of Monroe county appointed Madison B. McIntire guardian of the person and estate of his son, John E. McIntire, a minor fourteen years old, who upon appointment duly qualified and acted in that capacity.

In June 1931 cash belonging to the minor came into his possession as guardian, which after payment of debts left a balance in his hands of $2203.72, which he deposited in a non-interest bearing commercial

account in the Monroe Bank of Woodsfield on June 5, 1931.

On October 3, 1931, that institution was closed and subsequently liquidated by the state Superintendent of Banks, which institution finally paid dividends to its depositors totalling 61.3 per cent.

In his final amended account filed on March 27, 1939, after the minor reached his majority, the guardian showed a loss of the minor's funds of $720.37, the difference between the amount deposited less debts paid and the dividend finally paid by the Monroe bank.

Exceptions to that account were filed by John E. McIntire, which upon hearing were overruled and dismissed and the account approved by the Probate Court on July 21, 1939.

It is from that order and judgment of the Probate Court that John E. McIntire appeals to this court on questions of law, contending that the guardian should not be allowed credit for the sum of $720.37 and should be charged with the amount of the interest on the funds from the time of deposit until the time of filing his final amended account, on the ground of unreasonable delay in the investment of the funds in sound income producing securities, failure to do which resulted in the loss.

The guardian claims that at the time of depositing the funds in the Monroe bank, there were undetermined outstanding obligations of the minor to be paid, as a result of which he was not advised of the amount he could invest; that he temporarily deposited the minor's funds for safe keeping, in good faith, in the Monroe bank, a believed financially sound and solvent institution, with the biggest assets, capital stock and listed surplus in Monroe county, until he could invest them in approved securities, which he claims he ought not to be compelled to do in "a hasty, rash or improper manner"; and that he was not guilty of unreasonable

delay in the investment of the trust funds, or guilty of misconduct or negligence, or any other act that would make him liable for the funds lost by reason of the failure of the Monroe bank, in view of existing financial and economic conditions throughout the country at that time.

Section 10506-45, General Code (116 Ohio Laws, 391), provides among other things that:

"Immediately after his appointment and throughout the administration of the trust, every fiduciary, pending distribution or investment in conformance to law, shall be required to deposit all funds received by him, in his name as such fiduciary, in one or more depositaries."

Original Section 10506-45 became effective January 1, 1932 (114 Ohio Laws, 374), and was amended to read as quoted above effective September 2, 1935.

There was no similar statutory provision making it mandatory upon a guardian to deposit all funds received by him in his name as such fiduciary, in one or more depositaries, in effect when the guardian in the instant case deposited his minor's funds in the Monroe bank, or when that institution closed its doors.

Apparently prior to the enactment of Section 10506-45, General Code, the matter of allowing a guardian to deposit the funds of a minor in a bank pending distribution or investment, or otherwise, was addressed to the sound discretion of the court and in the absence of statutory authority on the subject at that time we must look to the authorities to determine the holdings of the courts of Ohio and elsewhere on that question, and what they considered a reasonable time to permit funds of a minor to remain on deposit in a bank pending distribution or investment.

"The deposit of funds in an incorporated bank of good reputation temporarily, while they are awaiting investment or needed for current use, is proper; but a deposit in a bank for a fixed period of time has been

held to be a loan without security and to render the guardian responsible for any loss, especially where the bank was located in another state. But in many other cases deposit in a bank of good reputation is considered a proper investment." 12 Ruling Case Law, 1133, Section 30, citing 21 L. R. A. (N. S.), 399; 36 L. R. A. (N. S.), 252; 14 L. R. A., 103.

A guardian is not liable for the loss of his ward's money in the failure of a savings bank where it had been on deposit but six months drawing four per cent interest, and there was a sufficient reason for not investing it elsewhere. *In re Grammel's Estate,* 120 Mich., 487, 79 N. W., 706; 21 L. R. A. (N. S.), 399.

A guardian may deposit the funds of his ward in such banks as are generally regarded as solvent, for such a time as is reasonably necessary before investing the same without incurring liability for their loss by the bank's failure. But where a guardian without an order of the Probate Court deposits his ward's money with the agreement that it shall remain for a fixed period, the guardian becomes liable for its loss through the failure of the bank. 21 L. R. A. (N. S.), 399, citing *Murph* v. *McCullough,* 40 Tex. Civ. App., 403, 90 S. W., 69.

"A trustee will not be liable for the failure of a bank in which trust funds have been deposited, if he has suffered them to remain there only for a reasonable time; but if he allows them to lie there by way of investment, he will be liable to make good their loss." Bispham's Equity, 237, Section 139. Cited in the case of *Corcoran* v. *Kostrometinoff,* 164 F., 685, 21 L. R. A. (N. S.), 399 at 402.

"It is universally held that the measure of care and diligence required of a guardian or similar trustee is such as would be exercised by a man of ordinary prudence and skill in the management of his own business. (See [3] Pomeroy's Equity Jurisprudence [2447],

Section 1070; *Estate of Law,* 144 Pa., 499 [22 A., 831, 14 L. R. A., 103].)

"The necessity of temporarily depositing trust funds in a bank for safe-keeping is recognized, and it is settled law that if a trustee, for the purposes of such temporary deposit, exercises the degree of care above stated in the selection of a bank, and so earmarks the deposit as to show its trust character, he is not responsible in the event of the failure of the bank. (See Woerner American Law of Guardianship [204], Sections 62, 63.)" *In Matter of Estate and Guardianship of Wood,* 159 Cal., 466, 114 P., 992, 36 L. R. A. (N. S.), 252.

If a trustee invests funds and does not designate that the fund is in trust, leaving it open so he might claim it as his own he will be charged with it as if it were his own. *Brown* v. *Williams,* 9 C. C. (N. S.), 307, 19 C. D., 25, affirmed 78 Ohio St., 424, 85 N. E., 1134.

In the instant case the funds of the ward were earmarked as his funds.

In the absence of a specific statute regulating such a deposit, it seems to be settled case law, that if a trustee, temporarily deposits the funds of his ward, so earmarked as to show their trust character, in good faith, for safe keeping, in a generally regarded financially sound and solvent incorporated bank, situated in the state of the residence of himself and his ward, with the approval of the Probate Court pending distribution, investment or payment of current bills of the ward, for a reasonable time, and not as a permanent investment, and exercises the same measure of care and diligence as would be exercised by a man of ordinary prudence or skill in the management of his own business he is not liable for the loss of his ward's funds through failure of the bank.

In the instant case the approval of the Probate Court was not obtained prior to the deposit but that court

did approve the action of the guardian in that respect by approving his final account.

It then becomes a question of what is a reasonable time to keep the funds of a ward on deposit in a bank pending investment, distribution or payment of current bills.

As noted above one court held that six months was not an unreasonable time.

We are of the opinion that no settled rule as to what constitutes a reasonable time can be laid down, and that each case is to be determined on its own facts.

We have read the meager bill of exceptions submitted to us, and have concluded that the lower court did not commit reversible error in the respects urged by John E. McIntire.

It follows that if he is not liable for the loss of the funds of his ward through the failure of the Monroe bank, he is not liable for interest on the deposit.

We find no error on the part of the Probate Court in the respects urged by John E. McIntire, and the judgment of that court should be and hereby is affirmed.

*Judgment affirmed.*

NICHOLS, P. J., and CARTER, J., concur.